The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Epstein et al., 24-cv-07439

**<u>Letter re Defendant Pallaki's Motion for Extension of Time</u>**

Your Honor:

      I am respectfully writing to correct some errors and omissions made by defendant Pallaki in representing my position regarding an extension.

      Defendant Pallaki has not provided the Court or myself any reason for why he refuses to commit by a binding writing to provide me a similar amount of time as he requested for himself, which I would agree to. He is only willing to make amorphous promises in an unbound manner, despite being given the opportunity to make a real commitment, thus making those promises suspect. All I requested in exchange for my agreement to the significant extension of 44 days he requested was equal treatment in the future.

      There is mention of the future reason for any extension that may be requested by me being presently unknown, but this is no different from defendant Pallaki's effectively unknown (or non-existent) reason at issue here. He simply offers a tautology that his attorneys need more time, without explanation of why they need more time, that is accompanied by a vague reference to "holidays". Only two days of the standard period are recognized holidays, and cannot be the reason for a more than tripling of the standard amount of time from 21 to 65 days.

      At point 1 of his letter-motion, in which defendant Pallaki claims that I expressed an expectation that he should have retained counsel and prepared a defense before being served, he is simply deceiving the Court. Defendant Pallaki has omitted from disclosing to the Court, as I notified his attorneys, that my process server was told by the coworker who took receipt of the papers at his place of work, that they were aware of the action, and had been informed of it by defendant Pallaki some time prior to service. This is my basis for suggesting that defendant Pallaki should have been able to retain counsel and prepare a defense, and act *within* the standard 21 days, not before. He was not surprised at the service of a summons, as many other defendants contemplated by the rules are. Ordinarily the fiction that a defendant is unaware of the action until a summons is served upon them is not one I would challenge, but here by his own conduct defendant Pallaki has dispelled this fiction.

      Furthermore, defendant Pallaki has omitted from representing to the Court or myself when he became aware of this action against him, which was filed on September 27, 2024. This can only be because a truthful disclosure of this matter would demonstrate that his requests for more than triple the amount of time set by the rules is as unjustified as it is unexplained.

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307