The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Epstein, 24-cv-07439

**<u>Letter-Motion For Leave to Conduct Expedited Discovery on Damages Pertaining to the Liability by Default of Defendant Epstein</u>**

Your Honor:

  I am respectfully writing to request that the Court grant me leave to conduct limited discovery with respect to the amount of damages for a default judgment against defendant Epstein, for which a default has been entered by the Court Clerk on 1/28/2025 after he failed to respond to this action by 1/17/2025 as was required of him. The Clerk's Certificate of Default as to Defendant Epstein is docketed as *ECF No.* 34.

  In the interest of my being able to assist and inform the Court as to a conclusive and final enumeration of damages, this limited discovery will vitally aid the Court in discharging its obligation to ensure that the amount determined be properly substantiated. FRCP Rule 55(b)(2) provides that a court "...may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

  FRCP 26(d)(1) provides that a Court may allow parties to seek discovery prior to a Rule 26(f) conference by court order. A flexible standard of reasonableness and good cause is applied in this District in the granting of such leave *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2229124 (S.D.N.Y. 2018) which is clearly satisfied by the Court's interest in entering an accurate final default judgment as supported by evidence to be obtained with leave of the Court and the effort of the plaintiff. Otherwise, either a defendant could indefinitely evade justice for any unliquidated damages by simply defaulting, or a Court would have to expend significant amounts of its limited resources to investigate a defaulting defendant who avoided the ordinary course of discovery by the plaintiff of both liability and damages.

  Defendant Epstein has admitted both the facts and allegations of the *Complaint* as a result of his default. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971) applying *Thomson v. Wooster*, 114 U.S. 104 (1885). He is the central and most powerful figure in the racket against which this action was brought and is also at the heart of all antitrust violations pleaded as is charted in Appendix 1 of the *Complaint* and alleged throughout. The 18 USC § 1961(1) "racketeering activity" of this racket is extortion, wire fraud, money laundering, obstruction of state law enforcement and witness tampering. Accordingly, due to the clear and uncontested liability as to these severe violations and the relative importance of defendant Epstein among the several defendants, a separate judgment against him would serve the interest of justice, and any delay would prejudice the plaintiff by hindering access to defendant Epstein's testimony, evidence and frustrate efforts at collection of damages.

  Entry of a final judgment against defendant Epstein will be proper according to FRCP Rule 54(b), because there is no just reason for delay, and such a final judgment would adjudicate all claims

with respect to him. A default judgment to be entered against defendant Epstein as the only defaulting party will not prejudice or affect the non-defaulting defendants in any way. There is no right to contribution between these defendants for any of the claims brought against them and so a separate judgment against defendant Epstein cannot affect any of the other defendants. This action and all claims brought within it are statutory claims arising from the Racketeer Influenced and Corrupt Organization Act and the Sherman and Clayton Antitrust Acts, none of which provide for a right of contribution between defendants, and the Supreme Court of the United States has repeatedly ruled that when no such explicit right has been granted by statute it cannot exist by implication or any theory such as of federal general common law. *Friedman v. Hartmann*, 787 F. Supp. 411 (S.D.N.Y. 1992); *Territory of Guam v. United States*, 141 S. Ct. 1608 (2021); *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981).

After such limited discovery as is necessary is obtained with respect to the damages pertaining to the liability by default of defendant Epstein I will be prepared to present to the Court and empaneled jury the correct sum to be entered on a proposed final default judgment for approval.

Thank you for considering my request in this matter.

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07307