UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x
GIDEON RAPAPORT,
                               Plaintiff,

                - against -

RICHARD ALLEN EPSTEIN, MITCHELL KEVALLA PALLAKI, AJAY SRINIVASAN IYER, ZACHARY GEORGE GARRETT, WILLIAM STUART LASSETER WEINBERG, ANDREW NELMS, JOHN DOES 1-3,

                              Defendants.
---------------------------------------------------------------------------- x

No. 24-cv-07439-JGLC

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND EXTEND TIME TO RESPOND**

        Defendant Professor Richard Epstein ("Professor Epstein") respectfully moves for an order (1) setting aside the entry of default of Defendant noted by the Clerk on January 28, 2025 at ECF No. 34, pursuant to Federal Rule of Civil Procedure 55(c); (2) denying Plaintiff's letter motion for discovery as moot at ECF No. 35, and (3) extending Professor Epstein's time to answer, move against, or otherwise respond to Plaintiff Gideon Rapaport's ("Plaintiff") Complaint to March 14, 2025, pursuant to Federal Rule of Civil Procedure 6(b).  In support of his motion, Professor Epstein states as follows:

        1.       Professor Epstein first learned of Plaintiff's purported service of process on him and that the Clerk had entered a default against him on the evening of February 3, 2025, when counsel for co-Defendants in this action, Brian Field, informed the undersigned—Professor Epstein's counsel in the related matter before Your Honor, *Rapaport v. Doe*, No. 23-cv-6709—of the same. Following the telephone call with Mr. Field, the undersigned checked the docket, informed Professor Epstein of the entry of default, and, today was retained to represent Professor Epstein in this matter.

2. Also today, the undersigned counsel contacted Plaintiff to ask for his consent to set aside the default and to extend the time to respond to the Complaint. Plaintiff refused to consent to vacating the default or to extend Professor Epstein's time to respond to the Complaint.

3. Plaintiff has filed two proofs of service as to Professor Epstein in this action. According to the first proof of service, filed on January 17, 2025, a process server "left the summons at the individual's residence or usual place of abode with Jane Doe, a person of suitable age and discretion who resides at 40 Washington Sq S Room 409A, New York, NY 10012, on 12/27/2024 at 2:43 PM, and mailed a copy to the individual's last known address." ECF No. 30. The associated docket entry inaccurately states that "Service was accepted by Jane Doe (refused to self-identify), Receptionist at NYU Law." *Id.*

4. The address listed in the first proof of service, is not Professor Epstein's usual place of abode, but rather is Vanderbilt Hall at New York University School of Law where Professor Epstein maintains an office. *Id.* Further, as noted in the second proof of service filed on January 27, 2025, the Jane Doe refused to accept service. *See* ECF No. 31.

5. According to the second proof service filed on January 27, 2025, "At the service address of 40 Washington Sq S Room 409A New York, NY 10012 and on the date and time of Fri 12/27/2024 02:43 PM, [the process server] delivered the documents to an individual who refused to give their name who identified themselves as the receptionist. The individual ***tried to refuse service by refusing to take documents*** and stated subject is unknown (***documents left, seen by subject***). The individual appeared to be a black-haired Middle Eastern female contact 35-45 years of age, 5'6"-5'8" tall and weighing 140-160 lbs. The documents were then mailed to the same address provided, with the words "Personal and Confidential" written on the envelope." *Id.* (emphasis added). Again, despite the individual's refusal to accept the documents, the associated

2

docket entry inaccurately states that "Service was accepted by JANE DOE, Receptionst [sic] at NYU Law." *Id.*

6.   The documents that were purportedly left at 40 Washington Sq S were never delivered to Professor Epstein. Likewise, Professor Epstein never received the documents Plaintiff purported to have mailed to that address. Professor Epstein was not in the office on December 27, 2024, which fell during the winter holiday when Professor Epstein was not present at the school and when school was out of session. Further, Professor Epstein was bedridden with the flu for roughly three weeks over the Christmas holiday extending into the middle of January. He has since been back in his office but has not received either copy of the summons and complaint Plaintiff purports to have served.

7.   The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Similarly, the court may extend an expired deadline "for good cause" and "excusable neglect." Fed. R. Civ. P. 6(b)(1). "Because there is a 'preference for resolving disputes on the merits,' doubts 'should be resolved in favor of the defaulting party.'" *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993)). "In other words, 'good cause' . . . should be construed generously." *Enron*, 10 F.3d at 96.

8.   Here, there is good cause to grant this motion to set aside the default and extend Professor Epstein's time to answer. Professor Epstein never received the documents left with a Jane Doe (presumably a security guard) who refused to accept service while he was away for the winter holiday. But as soon as Professor Epstein learned of the clerk's entry of default, he moved swiftly to remedy the default. *See Algemene Bank Nederland, N.V. v. Soysen Tarim Urunleri Dis Ticaret Ve Sanayi, A.S.*, 748 F. Supp. 177, 181 (S.D.N.Y. 1990) (excusing delayed filing because, once defendant learned that it could be in default, "it moved swiftly to remedy the error—retaining

New York counsel and immediately contacting the other parties for the purposes of obtaining a stipulation permitting it to answer"). Moreover, Plaintiff will not be prejudiced by the relief requested in this motion because Professor Epstein is moving promptly to correct this default. Finally, based on counsel's investigation to date, it appears that Professor Epstein has a meritorious and complete defense to Plaintiff's claims of antitrust violations and Racketeering Conspiracy per Racketeer Influenced Corrupt Organizations Act, 18 U. S. C. § 1962.

9. Should the Court vacate the default—which there is plainly good cause to do—it should also deny as moot Plaintiff's motion for expedited discovery in aid of his contemplated motion for a default judgment considering that his claims will be resolved on the merits.

10. Further, Professor Epstein requests an extension until March 14, 2025 to respond to the Complaint given the complex antitrust and RICO claims asserted herein. The Court has previously granted extensions of similar length to the other defendants in this action, and Professor Epstein seeks the same accommodation. According to the docket in this case, Professor Epstein's answer was due January 17, 2025. ECF No. 30. There have been no previous requests for an extension of this deadline. The extension requested herein will not affect any other scheduled deadlines.

11. Accordingly, Professor Epstein respectfully requests that the Court grant the motion and enter the proposed order attached hereto.

Dated: February 4, 2025                                Respectfully submitted,

*/s/ Jeremy Chase*
Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:   (212) 489-8230
Fax:       (212) 489-8340

jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*