UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

GIDEON RAPAPORT,

                      Plaintiff,

        - against -

RICHARD ALLEN EPSTEIN, MITCHELL KEVALLA PALLAKI, AJAY SRINIVASAN IYER, ZACHARY GEORGE GARRETT, WILLIAM STUART LASSETER WEINBERG, ANDREW NELMS, JOHN DOES 1-3,

                      Defendants.

---------------------------------------------------------- x

No. 24-cv-07439-JGLC

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND EXTEND TIME TO RESPOND**

        Defendant Richard Epstein ("Professor Epstein") submits this Reply in support of his motion to set aside the default and extend time to respond to the Complaint.

        1.     Plaintiff's Opposition to Defendant Professor Epstein's motion to set aside default, Dkt. No. 38, misunderstands the motion's contents and traffics in baseless speculations and aspersions. Plaintiff accuses Professor Epstein's counsel of attempting to "deceive" the Court by "failing to disclose" prior knowledge of the above-captioned action. But Professor Epstein never claimed to have not known of the litigation—nor is complete ignorance of a lawsuit's existence necessary for a default to be lifted. Rather, Professor Epstein was unaware of any efforts to effectuate service, that his time to respond had commenced, or of the entry of default, which Mr. Field informed counsel of on February 3, 2025 after which undersigned counsel was retained for this action. At bottom, Plaintiff's Opposition cannot overcome that Professor Epstein has established "good cause" to lift the clerk's default.

        2.     In evaluating whether "good cause" exists, courts consider (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary, and (3) whether a meritorious defense is presented. *Kenyatta v. Combs*, 2024 WL 4859028 (S.D.N.Y. Nov. 21,

2024). Further, "defaults are generally disfavored and reserved for rare occasions," and as such, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (expressing the Second Circuit's "strong preference for resolving disputes on the merits").

3.  *First*, Plaintiff offers no support for his assertion that the default was willful other than a baseless suggestion that Professor Epstein believed he could avoid discovery and "sidestep the court," in hopes of winning before the Second Circuit. That is simply not how litigation or the appeals process works. In the event a default judgment were entered against Professor Epstein, and he successfully appealed it, the case would just start from the beginning. Moreover, "[t]o the extent there are factual disputes regarding [d]efendant's knowledge of adequate service and its response deadline, these disputes are resolved in favor of [d]efendant as the defaulting party." *Berrocal v. Sheet Music Now, Inc.*, 2020 WL 4570339, at *2 (S.D.N.Y. Aug. 7, 2020).

4.  The undersigned has represented to the Court the exact circumstances of the default: the papers that were purportedly served never reached Professor Epstein, including because they were served during the winter holiday while classes at NYU School of Law were out of session and Professor Epstein was ill.[1] Moreover, promptly upon learning of the entry of default, the undersigned counsel was retained for this action and moved the same day to lift the default. These circumstances are a far cry from willful default. *See Enron Oil Corp.*, 10 F.3d at 98 ("there could be no 'willfulness'" if defendant did not receive complaint); *see also Puddu v.*

---

[1] While counsel believes that his representations regarding Professor Epstein's receipt of service are sufficient to vacate a default, if this Court believes it necessary, Professor Epstein is willing to sign a declaration setting forth the exact circumstances of the default, which were that he never received either service copy of the summons and complaint, and was unaware that his time to respond had commenced for the reasons stated herein and in the moving brief.

*6D Glob. Techs., Inc.*, 2020 WL 2833852, at *4 (S.D.N.Y. May 31, 2020) (no willfulness; although defendant was aware of the case, because defendant affirmed he was not aware his time to respond had begun and would have responded if he had known and appeared before the court after certificate of default was entered); *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, 2022 WL 1666963, at *6 (E.D.N.Y. May 25, 2022) (lifting default and finding no willfulness where defendant knew of lawsuit but did not know he had been properly served).

5. ***Second***, Plaintiff will not be prejudiced in any way by the lifting the default. The only prejudice Plaintiff claims is a brief delay in this case. But "delay alone is not a sufficient basis for establishing prejudice. Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Further, while he filed this action in September 2024, Plaintiff apparently did not attempt to serve Professor Epstein until December 27, 2024. Professor Epstein appeared a day after learning of the default. No motions to dismiss have been filed yet and permitting Professor Epstein to defend the case at this point will have no prejudicial effect on Plaintiff.

6. ***Third***, at the time of filing its motion for vacating its default, Defendant's counsel had not had an opportunity to evaluate the complaint in depth having just been retained that morning, but Defendant anticipates presenting numerous meritorious defenses to the claims asserted. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive .... A defense is meritorious if it is good law so as to give the factfinder some determination to make.").

7. Without setting forth an entire dismissal motion at this juncture, with respect to the RICO claims, Professor Epstein anticipates asserting, among others, failure to plead the existence

of a RICO enterprise, failure to adequately plead any underlying predicate acts (let alone a pattern of racketeering activity), failure to plead an injury cognizable under RICO, and failure to plead any agreement to a RICO conspiracy. *See*, *e.g.*, *Black v. Ganieva*, 619 F. Supp. 3d 309, 330 (S.D.N.Y. 2022), *aff'd,* 2023 WL 2317173 (2d Cir. Mar. 2, 2023). With regard to the antitrust claims, Professor Epstein anticipates asserting, among other arguments, that the Plaintiff has failed to assert a cognizable antitrust injury, and that the complaint fails to contain any allegations that support the essential elements to plead claims for monopoly, attempted monopoly, or an unlawful boycott. *See* 15 U.S.C. §§ 1 & 2 (Sherman Act §§ 1 & 2); *see generally Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90 (2d Cir. 1998) (stating general requirements for pleading antitrust claims under Sections 1 and 2 of the Sherman Act).

8. Given the strong preference in federal courts for resolving litigations on the merits, and what has occurred here, the Court should vacate the default and permit Professor Epstein to present his meritorious defenses on or before March 14, 2025.

Dated: February 12, 2024                    Respectfully submitted,

*/s/ Jeremy Chase*
Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:    (212) 489-8230
Fax:      (212) 489-8340
jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*

4