The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Epstein, 24-cv-07439

**<u>Letter-Motion For Leave to File a Surreply to Defendant Epstein's Reply in Support of His Motion to Set Aside Default</u>**

Your Honor:

     I am respectfully writing to request leave to file a two page surreply to defendant Epstein's Reply in support of his motion to set aside default.

     Such a surreply would be highly beneficial for the Court in evaluating this matter due to defendant Epstein's attempt to rescue his facially defective motion by engaging with the necessary components of such a motion for the first time in his reply, to which the plaintiff would otherwise be unable to respond.

     I refer specifically to defendant Epstein's wholly conclusory[1] list of his purported meritorious defenses and his illusory promise to provide an affidavit in support of his factual contentions as to his default.

     Defendant Epstein has already failed in both his original motion and his reply to provide any required evidentiary support, such as an affidavit from him let alone any hard evidence for his contentions because he cannot truthfully do so, and does not want to provide the Court with the additional reason of perjury to default him. He has also not denied collusion with defendant Pallaki.

     Both defendant Epstein and his counsel knew of this action and the *Complaint*, and no purported ignorance as to service or date of entry of default can even be relevant when the default was willful and strategic. "A default is deemed willful where a defendant simply ignores the complaint without action." *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir.1984). The primary purpose of service is to provide notice, and in this case defendant Epstein and his counsel now concede that they already had notice. "The primary purpose of service requirements is to ensure defendants receive actual notice of the pendency of litigation against them". *Goetz v. Synthesys Technologies, Inc.*, 415 F.3d 481 (5th Cir. 2005).

---

[1] In which he has not made a "*showing*" *Nash v. FOXO Technologies Inc.*, 2025 WL 244340 (S.D.N.Y., 2025) justifying "good cause" per Rule 55(c) for setting aside of a default, let alone even the minimal "plausibility" *showing* of *Twombly* and *Iqbal*. He merely provides a list of purported defenses without even a single point in support of any of them or specifying to what they apply. By that same token the *Complaint* in this matter could have been half a page.

"In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense. See *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 98. 'The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.'" *Allen v. Norman*, 2012 WL 3525584, at *6 (S.D.N.Y. 2012). Defendant Epstein has submitted no such evidence or argument that would constitute any defense even if proven.

Thank you for considering my request in this matter.

      Respectfully submitted,

          /s/ Gideon Rapaport *pro se*
          GideonRapaportLaw@outlook.com
          (862) 213-0895
          #627 1078 Summit Avenue
          Jersey City, New Jersey, 07307