The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Epstein, 24-cv-07439

### Surreply to Defendant Epstein's Reply in Support of His Motion to Set Aside Default

Your Honor:

  I am respectfully writing to oppose new arguments that defendant Epstein raised in an entirely conclusory and performative fashion in his reply. He has repeatedly and intentionally refused to provide both of the categorically required types of submissions for a Court to set aside a default. No affidavit or evidence excusing his default has been provided, nor has there been any showing of meritorious defenses beyond a conclusory list unsupported by any evidence or argument. "In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense". *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 98. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Allen v. Norman*, 2012 WL 3525584, at *6 (S.D.N.Y. 2012).

  Defendant Epstein insultingly tells the Court in his reply that he "is willing to sign a declaration" if asked by the Court *Docket No.* 40 footnote 1. His motion to set aside the entry of default already requires such sworn evidentiary support (and more), so he should not expect a personal invitation to comply with what is needed by the Court to fulfill his own request. Defendant Epstein cannot provide such a declaration without committing perjury, which would be an additional reason for default, and this is the reason for his illusory promise.

  Defendant Epstein willfully and strategically defaulted in this action in order to avoid discovery and sidestep this Court. Though initially making representations to the plaintiff by email *Docket No.* 38-1 and the Court by motion that would give a different impression *Docket No.* 37, defendant Epstein and his counsel eventually conceded in his reply *Docket No.* 40 ¶ 1 that they knew of this action. Despite existing representation by the same counsel in an earlier action arising from many of the same facts, in whose docket multiple repeated references to this action had been made, he only retained counsel for this action by his own admission, on February 3, 2025, 129 days after filing and 17 days after default (yet just four days after the discovery motion discussed *infra*). This is clearly not the conduct of a law professor (who already had legal counsel) that actually intended to defend on the merits, and is so bizarre and implausible that it requires explanation.

  The sudden change in defendant Epstein's conduct, and the attempt to roll back his default strategy, occurred in response to the plaintiff's letter-motion of January 29, requesting expedited discovery beneficial to properly setting the amount of damages as part of an expected default judgment *Docket No.* 35. Even such limited discovery would thwart defendant Epstein's default strategy of attempting to cram the entire depth and breadth of his malfeasance, including racketeering predicate offenses occurring occurring within a 10 year window per 18 USC § 1961(5), into the very narrow shelter offered to defendants by the reinterpretation of pleading rules by *Twombly* and *Iqbal*. These two cases established a liminal space between *possibility* and *plausibility*, and defendant Epstein would

hope to resort to purely legal arguments surrounding pleading formalities, because he knows he cannot succeed on the merits, and that any discovery whatsoever of additional facts would destroy any chance he may have of performing that litigation miracle. Indeed every single defense that is listed by defendant Epstein, begins with "failure to plead" or similar *Docket No.* 40 ¶ 7, and none go to the merits.

      This default by defendant Epstein is also part of a continuing pattern of obtaining improper procedural advantages by underhanded and abusive means. Defendant Epstein's counsel disappeared for 13 days after being provided notice of the plaintiff's intention to amend in the first action, remaining out of contact, and reappeared only at the last minute to file an opposition. Defendant Epstein now demands a prize for willfully defaulting and changing his mind, and hopes that this would allow him to move for dismissal with respect to him after all parties had fully briefed every issue, and after the plaintiff's single pleading amendment as of right would expire or be used. This is prejudice, and the briefing schedule as to all other defendant's responses was already set and known to defendant Epstein.

      Defendant Epstein also condescends to the plaintiff by claiming that he does not understand what would happen if the expected default judgment would be defeated at the Second Circuit. While it is true that the action could be refiled, there would be no difference the second time around because defendant Epstein could default again, evade discovery again, and make the same non-merits arguments he hoped to fast-track to the Second Circuit with this default. This all arises from defendant Epstein's aforementioned need to avoid any discovery, and strategy of cramming the entirety of his racketeering and antitrust violations below the low bar of *Twombly* and *Iqbal*.

      Defendant Epstein argues in *Docket No.* 40 ¶ 3 that merely because he makes a different claim than the plaintiff, without providing any evidence, he has successfully created a "dispute", and that all such disputes must be resolved in his favor, even when the burden of proof rests upon him. This is sheer arrogance, and fits precisely with his existing pattern of litigation misconduct, conniving default strategy, and entitled demand for a setting aside of his default. Defendant Epstein now demands the right to move to dismiss after defaulting, so that he may try to find fault in the plaintiff's "showing" of his causes of action per *Twombly* and *Iqbal*, even as he has made no "showing" of his own purported meritorious defenses as was required of him to set aside his default.

      Because the motion to set aside the default is entirely unsupported by necessary evidence nor showing of meritorious defenses, and because the default was willful and strategic, the motion should be denied.

      Respectfully submitted,

          /s/ Gideon Rapaport *pro se*
          GideonRapaportLaw@outlook.com
          (862) 213-0895
          #627 1078 Summit Avenue
          Jersey City, New Jersey, 07307