UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

-against-

RICHARD ALLEN EPSTEIN, et al.,

                Defendants.

24-CV-7439 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      On September 27, 2024, Plaintiff filed a complaint alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various antitrust claims. ECF No. 1. On December 27, 2024, Defendant Richard Allen Epstein ("Epstein") was served with the Complaint, and proof of service was filed with the Court on January 17, 2025. ECF Nos. 30, 31. The proof of service reflected that the documents were left with a Jane Doe at an NYU Law School building. *Id.* On January 28, 2025, a Clerk's Certificate of Default was entered against Epstein. ECF No. 34. The following day, on January 29, 2025, Plaintiff filed a motion for expedited discovery on the limited question of computing damages in light of the entry of default. ECF No. 35. On February 4, 2025, Epstein, through his counsel, appeared in this action for the first time, and filed the instant motion for an order to set aside the certificate of default, deny Plaintiff's motion for expedited discovery, and extend Epstein's deadline to answer or otherwise respond to the complaint. ECF Nos. 36, 37 ("Mem."). For the reasons set forth below, the Court GRANTS Epstein's motion in its entirety.

      In his motion, Epstein explains that he had not been served, and first learned of Plaintiff's purported service on the evening on February 3, 2025. Mem. ¶ 1. The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the

term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks, citations, and alterations omitted).

Here, the Rule 55(c) factors weigh in favor of setting aside the entry of default in this case. First, "willfulness,' in the context of a default . . . , refer[s] to conduct that is more than merely negligent or careless," but is instead "egregious and . . . not satisfactorily explained." *Id.* (internal quotation marks omitted). Epstein has explained that he did not receive service because Plaintiff did not leave the Complaint at Epstein's usual place of abode, but rather where Epstein has an office. Mem. ¶ 4. Epstein also states that when he learned of the action on February 3, he promptly retained counsel and filed the instant motion the following day. Mem. ¶ 7.

Second, courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy the factor concerning a meritorious defense. *Nash v. FOXO Techs. Inc.*, 348 F.R.D. 210, 214 (S.D.N.Y. 2025) (collecting cases). Epstein is not required to present "evidence sufficient to establish a complete defense" to overcome default: it is enough that Epstein intends seek dismissal of Plaintiff's claims, and has previewed the deficiencies in Plaintiff's complaint he intends to raise. ECF No. 48 at 4. And in any event, "[i]t is well established that default judgments are disfavored, and that a clear preference exists for cases to be adjudicated on the merits." *Nash,* 348 F.R.D. at 213 (cleaned up) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001)).

Third, Plaintiff's motion for default judgment has not caused any meaningful delay or other prejudice. Plaintiff argues that granting the extension would "increase the expected time for an answer to more than six months after the filing of this case," ECF No. 38 at 6, but it is well settled that "[d]elay alone is not a sufficient basis for establishing prejudice." *Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (internal quotation marks omitted). Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). No such risk exists here.

Accordingly, the Court finds there is good cause to set aside the default, and therefore GRANTS Epstein's motion. The Court also DENIES, as moot, Plaintiff's motion to conduct limited discovery for the purpose of ascertaining damages. The Clerk of Court is respectfully directed to terminate ECF Nos. 35 and 36.

Dated: March 5, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge