UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

  -against-

RICHARD ALLEN EPSTEIN, et al.,

                Defendants.

Case No.: 1:24-cv-07439 (JGLC)

**REPLY IN SUPPORT OF DEFENDANTS AJAY IYER,
ZACHARY GARRETT, WILLIAM WEINBERG, AND ANDREW NELMS'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

    I.      The Civil RICO Claims Fail. ............................................................................................. 2

          A.      Rapaport fails to allege a substantive RICO violation. ..................................... 3

          B.      Rapaport's alleged injuries do not support a RICO claim. ............................... 6

          C.      Rapaport fails to show causation. ..................................................................... 7

    II.     Rapaport Has Abandoned His Antitrust Claims. ............................................................ 7

CONCLUSION .................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                          **Page(s)**

*Bankers Tr. Co. v. Rhoades*,
    859 F.2d 1096 (2d Cir. 1988) ................................................................................................ 4

*D. Penguin Bros. Ltd. v. City Nat'l Bank*,
    587 F. App'x 663 (2d Cir. 2014) ........................................................................................... 3

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004) ......................................................................................... 3, 5, 6

*Kimm v. Lee*,
    No. 04-cv-5724 (HB), 2005 WL 89386 (S.D.N.Y. Jan. 13, 2005)............................................. 4

*McLaughlin v. Anderson*,
    962 F.2d 187 (2d Cir. 1992) .................................................................................................. 5

*N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys. of State of N.Y.*,
    25 F. Supp. 3d 459 (S.D.N.Y. 2014) ................................................................................. 2, 7

*O'Malley v. N.Y.C. Transit Auth.*,
    896 F.2d 704 (2d Cir. 1990) .............................................................................................. 4, 5

*United States v. Ferrara*,
    701 F. Supp. 39 (E.D.N.Y. 1988) .......................................................................................... 4

*Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland*,
    No. 09-cv-4622 (CS), 2010 WL 4968247 (S.D.N.Y. Nov. 24, 2010).................................. 2, 7

*Watral v. Silvernails Farm LLC*,
    51 F. App'x 62 (2d Cir. 2002) ............................................................................................... 6

**Statutes**

18 U.S.C. § 1951................................................................................................................... 4

18 U.S.C. § 1961................................................................................................................... 5

18 U.S.C. § 1964................................................................................................................... 4

## INTRODUCTION

This case is the most recent chapter in Plaintiff Gideon Rapaport's long-running effort to malign the character of, among others, Student Defendants, Ajay Iyer, Zachary Garrett, William Weinberg, and Andrew Nelms. This time around, Rapaport fancifully alleges that Student Defendants were integral players in a broad conspiracy to capture and control the "judicial-clerkship market"—whatever that means.

In response to those claims, Student Defendants filed a thorough motion to dismiss explaining why each of Rapaport's RICO and antitrust claims must be dismissed. *See* Student Defs.' Mem. in Support of Mot. to Dismiss (Dkt. 80) ("MTD"). Rather than filing an opposition, Rapaport responded by filing only a short, half-hearted letter, which accuses Student Defendants of filling their motion with "personal attacks, extraneous allegations, non-sequitur conclusions and a twisting beyond any recognition of the factual allegations of the operative pleading." Pl.'s Ltr. at 1 (Dkt. 86). Those accusations are not only false, but they are also irrelevant, because they are unsupported, and they do not address the amended complaint's defects.

Equally unhelpful, Rapaport's letter invites the Court to look at his opposition to Defendant Epstein's motion to dismiss, "[i]f it may assist the Court." *Id.* Of course, it's not the Court's responsibility to do Rapaport's job for him. Moreover, Rapaport's opposition to Defendant Epstein's motion does not help here, as the Student Defendants identified several independent bases for dismissing Rapaport's claims against them.

Accordingly, the Court should grant Student Defendants' unopposed motion to dismiss.

## ARGUMENT

Rapaport's RICO and antitrust claims fail for largely the same reason—the amended complaint fails to allege any facts plausibly showing civil RICO or antitrust violations. *See* MTD at 4–25. Because Rapaport did not file an opposition to Student Defendants' motion to dismiss,

their arguments are unrebutted, and this Court has recognized that "[i]t is well settled in the Second Circuit that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute[s] an abandonment of those claims." *N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys. of State of N.Y.*, 25 F. Supp. 3d 459, 469 (S.D.N.Y. 2014) (cleaned up); *see also Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland,* No. 09-cv-4622 (CS), 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010) ("when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").

Rapaport has thus abandoned his claims against the Student Defendants, and cross-referencing the opposition to Defendant Epstein's motion to dismiss does not save Rapaport's claims against Student Defendants. Indeed, Rapaport's claims against Student Defendants are different than those he brings against Defendant Epstein, and the claims against Student Defendants fail for different reasons.

Accordingly, the Court should dismiss Rapaport's claims as abandoned. However, to the extent the Court declines to do so, Student Defendants briefly explain below why Rapaport's claims must be dismissed and why Rapaport's response to Defendant Epstein's motion to dismiss does not rebut Student Defendants' motion to dismiss.

I.      **The Civil RICO Claims Fail.**

For Rapaport's civil RICO claims, it is unrebutted that the amended complaint does not allege facts showing a plausible substantive RICO violation, a qualifying injury, or any causal link between an alleged substantive RICO violation and a qualifying injury. Rapaport's opposition to Defendant Epstein's motion to dismiss does not change that fact, and the Court should dismiss Rapaport's civil RICO claims against Student Defendants.

### A.     Rapaport fails to allege a substantive RICO violation.

1. Rapaport first fails to allege the existence of a qualifying enterprise. Where a plaintiff alleges that a group of individuals are "associated in fact" as part of an enterprise, the allegations must show that they "share a common purpose to engage in a particular fraudulent course of conduct," *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173–74 (2d Cir. 2004), and that the individuals worked "on behalf of the *enterprise* as opposed to on behalf of [themselves] in their individual capacities, to advance their individual self-interests," *D. Penguin Bros. Ltd. v. City Nat'l Bank*, 587 F. App'x 663, 668 (2d Cir. 2014). As Student Defendants explained, the amended complaint does not satisfy these requirements, because Rapaport's entire theory turns on Student Defendants acting out of their self-interests to harm Rapaport and bolster their own standing with Defendant Epstein. *See* MTD at 6–7.

Rapaport's opposition to Defendant Epstein's motion to dismiss confirms as much. In his opposition, Rapaport purports to identify several "enterprises involved in the Epstein racket," including "NYU Federalist Society chapter, NYU Journal of Law and Liberty and the Courts of the United States." Pl.'s Opp'n at 16 (Dkt. 83) ("Opp'n"). But simply naming the supposed enterprises does not absolve Rapaport of his obligation to identify how the Defendants' actions were taken on behalf of those enterprises. He still has not done so, and the Court should thus conclude that Rapaport has failed to identify any qualifying enterprise.

2. Rapaport also fails to allege any qualifying predicate acts. In their motion to dismiss, Student Defendants addressed the alleged predicate acts Rapaport scattered throughout his amended complaint. *See* MTD at 7–12. As Student Defendants showed, those allegations fail for various reasons: Some of Rapaport's proposed predicate acts are not RICO predicates (e.g., perjury, defamation, intentionally transmitting defective work product), while others are unsupported with the necessary factual allegations (e.g., witness tampering only qualifies when

3

tied to physical threats or official proceedings; obstruction of justice requires a connection to proceedings in federal court). For those reasons, it remains true that Rapaport fails to allege any qualifying predicate acts.

Nothing in Rapaport's opposition to Defendant Epstein's motion to dismiss alters that conclusion. In fact, Rapaport hardly addresses any of the alleged predicate acts he included in his amended complaint. But even those he now discusses fail.

For instance, Rapaport addresses his allegations of blackmail and extortion against Defendants Nelms and Weinberg. Opp'n at 9–11. But Rapaport is still complaining that this alleged blackmail and extortion harmed *his* reputation, which will not suffice in this Circuit. *See* MTD at 11 (citing *Kimm v. Lee*, No. 04-cv-5724 (HB), 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd sub nom. Kim v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006); *United States v. Ferrara*, 701 F. Supp. 39, 43 (E.D.N.Y. 1988), *aff'd*, 868 F.2d 1268 (2d Cir. 1988)). Moreover, Rapaport cannot rely on an alleged injury to third parties like the student board members or the Federalist Society. MTD at 11 (quoting 18 U.S.C. § 1964(c); *Bankers Tr. Co. v. Rhoades*, 859 F.2d 1096, 1101 (2d Cir. 1988)). Additionally, Rapaport has not overcome the fact that extortion is only a predicate RICO act if there is also evidence of property having been obtained through threatened force, violence, or fear. MTD at 11 (quoting *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 708 (2d Cir. 1990); 18 U.S.C. § 1951(b)(2)). There are no such allegations here. And for each of these reasons, Rapaport cannot allege extortion, blackmail, and threats as RICO predicates here.

Rapaport is equally mistaken when he argues that Defendants Iyer and Garrett obstructed justice by allegedly filing perjured affidavits and that those filings qualify as RICO predicates. Opp'n at 11. Rapaport first ignores that perjury is not a RICO predicate. MTD at 7. And he does

4

not respond to the Student Defendants' showing that he cannot merely recast his perjury allegations as obstruction of justice. MTD at 8. In fact, Rapaport ignores the Second Circuit authority expressly rejecting an attempt to recast perjury as obstruction of justice—calling such arguments "preposterous" and sanctionable. *Id.* at 9 (citing *O'Malley*, 896 F.2d at 707).

For each of these reasons, the Court should conclude that Rapaport fails to allege any qualifying predicate acts.

3. Rapaport also fails to allege facts showing a pattern of racketeering activity. For instance, Rapaport still has not alleged facts showing that *each* Defendant "personally committed" two or more predicate acts of "racketeering activity" over a period exceeding two years. MTD at 12–13 (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 191–92 (2d Cir. 1992) and citing 18 U.S.C. § 1961(5)). To do so, Rapaport must allege facts about "each defendant individually." *Id.* (quoting *First Cap. Asset Mgmt.*, 385 F.3d at 180).

As to an open-ended pattern of racketeering activity, the Student Defendants already showed that there can be no such pattern where Student Defendants and Rapaport have graduated and they have no ongoing relationship. MTD at 15. Rapaport's only response is to point to statements made by a different NYU Law student about clerkship hiring at NYU Law. Opp'n at 14–15. But Rapaport fails to explain how those statements have anything to do with the alleged pattern of racketeering activity involving Student Defendants.

And Rapaport fares no better when trying to show a closed-ended pattern. Rather, Rapaport's opposition to Defendant Epstein's motion simply lumps together all the alleged predicate acts, which Rapaport contends covers more than four years. Opp'n at 15. But that ignores Rapaport's burden of alleging facts showing each Defendant's involvement in two or more predicate acts over at least a two-year period. *McLaughlin*, 962 F.2d at 191–92. Additionally, even

5

if Rapaport were correct that the affidavits filed by Defendants Iyer and Garrett may be considered as predicate acts, Rapaport has not addressed the Second Circuit's holding that something "more" is required than "the mere fact that predicate acts span two years." MTD at 13–14 (quoting *First Cap. Asset Mgmt.*, 385 F.3d at 181).

Rapaport's case is thus—at most—the "discrete and limited scheme aimed at one victim" that "is insufficient to support closed-ended continuity." *Id.* at 14 (quoting *Watral v. Silvernails Farm LLC*, 51 F. App'x 62, 65–66 (2d Cir. 2002) (collecting cases)). That is insufficient in this Circuit, and Rapaport has therefore failed to allege a plausible substantive RICO violation.

**B.     Rapaport's alleged injuries do not support a RICO claim.**

Even if Rapaport had alleged facts showing a substantive RICO violation, he still fails to allege facts showing a plausible RICO injury. As Student Defendants already showed, Rapaport's alleged reputational injuries cannot support a RICO claim, and none of his other alleged injuries are cognizable under RICO. MTD at 15–17. Rapaport's only response in his opposition to Defendant Epstein's motion is to claim that he can base his RICO claim on employment "he enjoyed before defendant Epstein retaliated against him in 2024" and the job offer he allegedly lost in 2024. Opp'n at 16.

But those injuries—even if they sufficed for a RICO claim—have nothing to do with the Student Defendants. According to Rapaport's amended complaint, those alleged employment injuries are part of the "additional injuries" he suffered "from defendant Epstein." Am. Compl. ¶ 176 (Dkt. 71). All but one of the subsequent paragraphs focus on Epstein. *Id.* ¶¶ 177–82. Rapaport's only mention of the Student Defendants is to falsely allege that two of them filed "perjured affidavits" in the original case, *Rapaport v. Doe #1*, No. 23-cv-6709 (S.D.N.Y.). *Id.* ¶ 183. But he fails to allege any injury stemming from that spurious allegation.

Moreover, Rapaport's opposition to Defendant Epstein's motion ignores Student Defendants' showing that reputational injuries cannot support a RICO claim. MTD at 15–16. And Rapaport does not address the fact that an injury to business or property must be distinct from any damages flowing from the predicate act itself and that legal costs cannot be counted as RICO injuries. *Id.* at 15–17. Rapaport has thus plainly failed to allege facts showing a qualifying injury.

### C. Rapaport fails to show causation.

Finally, Rapaport has not responded to Student Defendants' showing that intervening causes sever any RICO liability—including Defendant Epstein's ultimate decision whether to recommend Rapaport for a clerkship and Rapaport's failure to even apply for one. MTD at 17–19. Rapaport did not address this issue in his opposition to Defendant Epstein's motion, and it is thus unrebutted. Accordingly, none of Rapaport's civil RICO claims survives without connecting his alleged injuries to an action of the Student Defendants.

## II. Rapaport Has Abandoned His Antitrust Claims.

Student Defendants also explained the various reasons why Rapaport's antitrust claims fail. For instance, Rapaport fails to allege actual or attempted monopoly power, anticompetitive conduct in the relevant market, an antitrust injury, or a restraint on trade. MTD at 19–25. Neither Rapaport's letter response to Student Defendants' motion, nor his opposition to Defendant Epstein's motion to dismiss, addresses his antitrust claims. He has thus clearly abandoned these claims. *See N.Y. State Ct. Clerks Ass'n,* 25 F. Supp. 3d at 469; *Volunteer Fire Ass'n of Tappan,* 2010 WL 4968247, at *7. But if they are not abandoned, Rapaport's failure to respond means that there is nothing in the record to lead to any conclusion other than that the antitrust claims fail and must be dismissed.

7

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Student Defendants' motion to dismiss, the Court should dismiss Rapaport's claims against Student Defendants.

September 29, 2025                                  Respectfully submitted,

/s/ *Brian J. Field*
Brian J. Field (admitted *pro hac vice*)
D.C. Bar No. 985577
Justin A. Miller (admitted *pro hac vice*)
D.C. Bar No. 90022870
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
Email: bfield@schaerr-jaffe.com

*Counsel for Student Defendants*