UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

                Plaintiff,

      v.

RICHARD ALLEN EPSTEIN, et al.,

                Defendants.

Case No.: 24-cv-7439-JGLC

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MITCHELL K. PALLAKI'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.     Plaintiff Has Abandoned All Claims Against Mr. Pallaki ............................................ 2

    II.    Plaintiff Has Abandoned His Antitrust Claims Altogether .......................................... 4

    III.   Plaintiff's RICO Claims Are Deficient, and None of His Arguments in Opposition to Dismissal Has Any Merit ............................................................................................ 4

        A.    Plaintiff Fails to Allege a Cognizable RICO Injury ................................................. 5

        B.    Plaintiff Fails to Allege Causation ........................................................................... 5

        C.    Plaintiff Fails to Allege a Pattern of Racketeering Activity .................................. 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Black v. Ganieva*,
  619 F. Supp. 3d 309 (S.D.N.Y. 2022) .................................................................................... 7

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
  2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ....................................................................... 3

*In re AppHarvest Sec. Litig.*,
  684 F. Supp. 3d 201 (S.D.N.Y. 2023) .................................................................................... 3

*In re UBS AG Sec. Litig.*,
  2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) .................................................................... 3, 4

*Maroney v. Woodstream Corp.*,
  695 F. Supp. 3d 448 (S.D.N.Y. 2023) ............................................................................ 1, 3, 4

*Scheidler v. Nat'l Org. for Women, Inc.*,
  537 U.S. 393 (2003) ............................................................................................................... 7

*Tymoshenko v. Firtash*,
  2015 WL 5505841 (S.D.N.Y. Sept. 18, 2015) ....................................................................... 7

*Wilkie v. Robbins*,
  551 U.S. 537 (2007) ............................................................................................................... 7

**Statutes**

18 U.S.C. § 1956 .......................................................................................................................... 7

D.C. Code § 22-3251 ................................................................................................................... 8

Mr. Pallaki respectfully submits this reply brief in further support of the Motion.[1]

## **PRELIMINARY STATEMENT**

In his opening brief, Mr. Pallaki demonstrated that the Amended Complaint is defective and that all claims asserted against him should be dismissed. Rather than withdraw his deficient claims in light of Mr. Pallaki's meritorious arguments or file an opposition brief addressing them, Plaintiff elected to file a four-paragraph letter "express[ing his] opposition to the [M]otion" without providing the Court with any analysis or authority supporting his position. (ECF No. 85.) This approach—which confirms that Plaintiff's goal is not to seriously litigate but rather to inconvenience Mr. Pallaki and the other Defendants and waste their time and resources—is foreclosed by black-letter law: "[i]n the Second Circuit, a plaintiff's failure to respond to contentions raised in a motion to dismiss constitute[s] an abandonment of those claims and necessitates their dismissal." *Maroney v. Woodstream Corp.*, 695 F. Supp. 3d 448, 468 (S.D.N.Y. 2023) (second alteration in original) (citation and internal quotation marks omitted). Plaintiff has plainly and clearly abandoned his frivolous claims against Mr. Pallaki, and they should be dismissed with prejudice.

Even if the Court were to construe the brief that Plaintiff filed in opposition to Professor Epstein's motion to dismiss (ECF No. 83 (the "Epstein Opposition" or "Epstein Opp."))—which is directed *exclusively* at Professor Epstein and references Mr. Pallaki only twice (*see id.* at 10, 13)—as an opposition to Mr. Pallaki's motion, Plaintiff's claims should still be dismissed. After all, because Plaintiff fails even to mention the Antitrust Claims, let alone respond to any arguments regarding those claims, he has abandoned them. *See Maroney*, 695 F. Supp. 3d at 468. And while

---

[1] Unless otherwise noted, capitalized terms used herein shall have the same meaning ascribed to them in Mr. Pallaki's opening brief. (ECF No. 78 ("Br.").)

Plaintiff does address the RICO Claims in the Epstein Opposition, his arguments resisting dismissal fall flat. As stated in Mr. Pallaki's opening brief, the RICO Claims fail for multiple independent reasons: Plaintiff fails to allege (1) a concrete injury to property or business; (2) causation; or (3) a pattern of racketeering activity. (Br. at 9–23.) Plaintiff's arguments on these points are unavailing, and nothing contained in the Epstein Opposition can salvage his deficient claims.

## ARGUMENT[2]

For the reasons below (and those in Mr. Pallaki's opening brief), each of Plaintiff's claims against Mr. Pallaki should be dismissed with prejudice.

### I. Plaintiff Has Abandoned All Claims Against Mr. Pallaki

By failing to address Mr. Pallaki's arguments in any meaningful manner, Plaintiff has abandoned his claims against Mr. Pallaki.

As noted above, Plaintiff's only opposition to the Motion is the following four-paragraph letter:

> I am respectfully writing to express my opposition to the motion to dismiss filed by Defendant Pallaki.
>
> Defendant Pallaki has not even come close to meeting his burden to obtain the relief he seeks, and instead has filed a brief with personal attacks, extraneous allegations, non-sequitur conclusions and a twisting beyond any recognition of the factual allegations of the operative pleading.
>
> If it may assist the Court in its review of the motion opposed, I respectfully draw the attention of the Court to the opposition to Defendant Epstein's motion to dismiss concurrently filed.
>
> Thank you for considering my position in this matter.

---

[2] To the extent applicable, Mr. Pallaki expressly adopts and incorporates by reference the arguments set forth in the briefs (including reply briefs) submitted in support of the motions to dismiss filed by Professor Epstein and by Messrs. Iyer, Garrett, Weinberg, and Nelms.

(ECF No. 85.)³  The cursory letter includes no analysis or authority, and Plaintiff provides no justification—beyond mere *ipse dixit*—as to why his deficient claims should not be dismissed for the myriad reasons set forth Mr. Pallaki's opening brief.  Plaintiff has therefore "concede[d] through silence" that Mr. Pallaki is not the proper target of any claims, and all claims against Mr. Pallaki should be dismissed.  *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (collecting cases), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014); *see also, e.g.*, *Maroney*, 695 F. Supp. 3d at 468; *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 255 (S.D.N.Y. 2023) ("Because Plaintiff do [sic] not oppose this argument in his opposition to Defendants' motion to dismiss, Plaintiff's silence concedes the point." (citation and internal quotation marks omitted)); *Cole v. Blackwell Fuller Music Publ'g, LLC*, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (similar).

Notably, Plaintiff's status as a *pro se* litigant should not impact the Court's decision.  Viewed under any standard, Plaintiff's claims against Mr. Pallaki should be dismissed.  And any benefit of the doubt that the Court might ordinarily afford to a *pro se* litigant in connection with abandonment of claims need not be afforded to Plaintiff here.  For one, Plaintiff had ample time to evaluate Mr. Pallaki's arguments.  Indeed, Plaintiff has been aware of Mr. Pallaki's motion to dismiss arguments since February 13, 2025, when Mr. Pallaki filed his motion to dismiss the original complaint.⁴  (ECF Nos. 43 (motion), 44 (memorandum of law).)  Additionally, because Plaintiff submitted a full-throated (albeit meritless) brief opposing Professor Epstein's motion to

---

³ Plaintiff filed a nearly identical letter concerning the motions to dismiss filed by Messrs. Iyer, Garrett, Weinberg, and Nelms.  (*See* ECF No. 86.)

⁴ Because the original complaint and the Amended Complaint are so similar (*compare* ECF No. 1 (original complaint), *with* Am. Compl.), Mr. Pallaki's brief in support of his original motion to dismiss and the opening brief in support of the instant motion to dismiss advance the same arguments in all material respects (*compare* ECF No. 44, *with* Br.).

3

dismiss (Epstein Opp.), it is clear that Plaintiff is capable of drafting such a brief and deliberately chose to file a half-hearted, non-responsive letter instead. Moreover, Plaintiff is a law school graduate, and the central premise of his case is that he was qualified to clerk on the United States Supreme Court.[5] Simply put, Plaintiff is not a typical *pro se* litigant, and there is no reason to provide him any leeway.

Thus, the Court should deem all claims asserted against Mr. Pallaki abandoned and dismiss them with prejudice.

## II. Plaintiff Has Abandoned His Antitrust Claims Altogether

Even if the Court declines to find that Plaintiff has abandoned all claims against Mr. Pallaki, it should conclude that Plaintiff has abandoned the Antitrust Claims altogether. Because Mr. Pallaki advanced several arguments regarding the Antitrust Claims' deficiency (*see* Br. at 23–27), and the Epstein Opposition does not even reference those claims, much less contain responses to Mr. Pallaki's (or any of the other Defendants') arguments (*see* Epstein Opp.), Plaintiff has abandoned the Antitrust Claims, and they should be dismissed. *See UBS*, 2012 WL 4471265, at *11; *Maroney*, 695 F. Supp. 3d at 468.

## III. Plaintiff's RICO Claims Are Deficient, and None of His Arguments in Opposition to Dismissal Has Any Merit

In the event that the Court construes the Epstein Opposition as an opposition to Mr. Pallaki's motion to dismiss (it should not), the RICO Claims should still be dismissed because none of Plaintiff's arguments in opposition to dismissal has any merit.

---

[5] It is worth noting that the meritless and error-ridden opposition papers filed by Plaintiff themselves reveal that he could not have obtained a Supreme Court clerkship.

4

A.  Plaintiff Fails to Allege a Cognizable RICO Injury

As set forth in Mr. Pallaki's opening brief, Plaintiff's RICO claims should be dismissed because he has failed to allege a cognizable injury to his business or property. (Br. at 10–12.)

Even though the Amended Complaint is clearly premised on one injury—losing out on a potential Supreme Court clerkship to which he asserts he was entitled[6]—Plaintiff now avers that his RICO claims are instead premised on "injuries relating to his employment, including the current employment he enjoyed before [Professor] Epstein retaliated against him in 2024 . . . and the job offer he received which he similarly lost to retaliation in March 2024." (Epstein Opp. at 16.) But the allegations upon which Plaintiff presumably relies (*see* Am. Compl. ¶¶ 177—82), are no more concrete, particularized, or non-speculative than his clerkship-based allegations are. He does not, for instance, identify which "two jobs that were JD-advantaged and of an academic nature" he was purportedly fired from (*id.* ¶ 177), and as Mr. Pallaki noted in his opening brief (*see* Br. at 11), Plaintiff does not even attempt to quantify his purported damages, which forecloses a RICO claim.

Thus, Plaintiff has failed to allege a cognizable injury to his business or property, and the RICO claims should be dismissed.

B.  Plaintiff Fails to Allege Causation

As stated in Mr. Pallaki's opening brief, Plaintiff's RICO claims should be dismissed because Plaintiff has failed to allege that the purported RICO violations caused his claimed injury. (Br. at 12–14.)

---

[6] The first substantive paragraph of the Amended Complaint relates to clerkships (Am. Compl. ¶ 16), and an entire eleven-paragraph section of the Amended Complaint is labeled "Background on United States Supreme Court Clerkships" (*id.* ¶¶ 188–98). Thus, the notion that this case is about anything other than clerkships is belied by Plaintiff's own allegations and accordingly entirely misguided.

Whether Plaintiff's asserted injury is the loss of a clerkship (as he avers in the Amended Complaint) or the loss of some unspecified "JD-advantaged" job (as he appears to aver in the Epstein Opposition), none of the purported predicate acts that occurred before Plaintiff was offered a clerkship or a job could have caused his alleged injury. (*See* Br. at 13.) Moreover, as Mr. Pallaki noted in his opening brief, there were substantial intervening factors severing the causal connection between any alleged misconduct and Plaintiff's claimed injuries. (*See id.* at 13–14.) Plaintiff has no rejoinder for this argument. And notably, by once again using the "fired . . . *for sexual harassment*" formulation (*see* Epstein Opp. at 2, 10 (emphasis added)), Plaintiff has all but expressly conceded that he was, in fact, fired from his summer associate position at Kirkland (*see* Br. at 14). Given this fact, it is implausible that Plaintiff could still have clerked or secured any other position in the legal industry. In short, there are numerous reasons why Plaintiff did not obtain the legal career he desired, and none is attributable to Defendants' actions.

Accordingly, Plaintiff's RICO claims should be dismissed for failure to allege causation.

### C. Plaintiff Fails to Allege a Pattern of Racketeering Activity

As laid out in Mr. Pallaki's opening brief, Plaintiff's RICO claims should be dismissed because he has not alleged a pattern of racketeering activity. (Br. at 14–23.)

#### 1. Plaintiff Has Not Alleged Any RICO Predicates

In the Epstein Opposition, Plaintiff identifies four RICO predicates: wire fraud; money laundering; extortion; and obstruction of justice. (Epstein Opp. at 8–11.) For multiple reasons, Plaintiff has not adequately alleged any of them.

**Wire Fraud**    As noted in Mr. Pallaki's opening brief, Plaintiff's wire fraud allegations fall short because they lack particularity and because Plaintiff has failed to allege that money or property was the object of any purported scheme to defraud. (Br. at 16–17.) Plaintiff declines to take these arguments on and instead fights a series of strawmen. (*See* Epstein Opp. at 8–9.) At

6

the end of the day, notwithstanding Plaintiff's attempt to muddy the waters, he has, at most, alleged "a collective effort to damage [his] reputation," which is insufficient as a matter of law. *Black v. Ganieva*, 619 F. Supp. 3d 309, 344 (S.D.N.Y. 2022).

**Money Laundering**   Having presumably realized that his money laundering allegations were deficient, Plaintiff now avers that he has alleged a violation of 18 U.S.C. § 1956(a)(2) rather than a violation of 18 U.S.C. § 1956(a)(1). (Epstein Opp. at 9–10.) But a violation of § 1956(a)(2) requires *international* transportation, transmission, or transfer. *See* 18 U.S.C. § 1956(a)(2); *Tymoshenko v. Firtash*, 2015 WL 5505841, at * 6 (S.D.N.Y. Sept. 18, 2015) (calling § 1956(a)(2) the "section that applies to international activity" and noting that a defendant must "move[] funds across the U.S. border"). Plaintiff fails to allege any international money movement whatsoever—this argument likewise lacks any merit.

**Extortion**   As stated in Mr. Pallaki's opening brief, to plead extortion as a RICO predicate—under either the Hobbs Act or any state law equivalent—a plaintiff must allege that the defendants obtained property through wrongful use of force, threat, or violence. (*See* Br. at 18–19.) Here, Plaintiff has failed to connect any purported threats with any obtaining of any property. And in arguing that mere threats of economic harm qualify (*see* Epstein Opp. at 10–11), he ignores Supreme Court precedent—namely, *Wilkie v. Robbins*, 551 U.S. 537, 567 (2007) (holding that state-law extortion "cannot qualify as a predicate offense for a RICO suit unless it is capable of being generically classified as extortionate") and *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003) (holding that the generic definition of extortion is "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats")—and

7

misconstrues the state criminal statutes he cites.[7] At bottom, none of the "pressure" or "threats" identified in the Amended Complaint support an extortion RICO predicate.

**Obstruction of Justice**     In arguing that the statements that Messrs. Iyer and Garrett submitted in a related case constitute obstruction of justice (Epstein Opp. at 11), Plaintiff ignores both fact and law. As a factual matter, Plaintiff has not offered, and cannot offer, any plausible explanation as to how affidavits concerning Messrs. Iyer and Garrett's *opinions* as to the existence of any conflict of interest between them could even be false or misleading or otherwise interfere with the administration of justice. Further, Plaintiff ignores on-point caselaw—cited by Mr. Pallaki in his opening brief—holding that attempting to manufacture a RICO predicate based on affidavits filed in a civil proceeding is plainly improper. (*Compare* Br. at 20, *with* Epstein Opp. at 11.)

    2.    *Plaintiff Has Not Alleged Continuity*

As noted in Mr. Pallaki's opening brief, even if Plaintiff had adequately alleged the requisite RICO predicates (he has not), the RICO Claims would still fail because he has failed to allege either closed-ended or open-ended continuity. (Br. at 21–23.) In arguing otherwise, Plaintiff ignores cases and mischaracterizes his allegations. (*See* Epstein Opp. at 14–15.) Thus, Plaintiff has failed to allege a pattern of racketeering activity, which dooms his RICO Claims.

---

[7] For instance, Plaintiff misleadingly elides the phrase "obtains or attempts to obtain the property of another" from his quotation of the relevant section of the District of Columbia code. *Compare* (Epstein Opp. at 11), *with* D.C. Code § 22-3251(a)(1).

## **CONCLUSION**

For the foregoing reasons and those in Mr. Pallaki's opening brief, the Court should grant the Motion and dismiss the Amended Complaint with prejudice.

Dated: New York, New York
September 29, 2025

Respectfully submitted,

By: */s/ Seth L. Levine*
Seth L. Levine
Steven W. Kessler

**LEVINE LEE LLP**

400 Madison Avenue
New York, New York 10017
Telephone: (212) 223-4400
slevine@levinelee.com
skessler@levinelee.com

*Attorneys for Defendant Mitchell K. Pallaki*

9

## LOCAL CIVIL RULE 7.1(c) CERTIFICATION

Pursuant to Local Civil Rule 7.1(c), the total number of words in the foregoing memorandum of law, inclusive of footnotes and exclusive of the caption, indices, tables, signature blocks, and certificates, is 2,491.

Dated: September 29, 2025

                                             */s/ Seth L. Levine*
                                             Seth L. Levine