UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

GIDEON RAPAPORT,

                Plaintiff,

      - against -

RICHARD ALLEN EPSTEIN, MITCHELL
KEVALLA PALLAKI, AJAY
SRINIVASAN IYER, ZACHARY
GEORGE GARRETT, WILLIAM STUART
LASSETER WEINBERG, ANDREW
NELMS, JOHN DOES 1-3,

                Defendants.

No. 24-cv-07439-JGLC

---------------------------------------------------------------- x

**DEFENDANT EPSTEIN'S REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT**

Jeremy Chase
Gerald A. Stein
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: 212-489-8230
Fax: 212-489-8340
Email:   jeremychase@dwt.com
            geraldstein@dwt.com
            nimraazmi@dwt.com

*Attorneys for Defendant*
*Professor Richard A. Epstein*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    THE FAC DOES NOT ALLEGE A PATTERN OF RACKETEERING ACTIVITY ................................................................................................................. 2

        A.    Plaintiff Has Not Pled Professor Epstein Committed Any RICO Predicates ................................................................................................... 2

            1.    Plaintiff Has Not Pled Professor Epstein Committed Wire Fraud ........ 2

            2.    The FAC Fails To Plead Professor Epstein Committed Money Laundering ........................................................................................ 4

            3.    Plaintiff Has Not Pled Professor Epstein Committed Extortion or Witness Tampering/Obstruction of Justice ........................................... 5

        B.    Plaintiff Has Failed to Allege Either Closed or Open-Ended Continuity ......... 6

    II.    PLAINTIFF HAS NOT PLED A RICO ENTERPRISE ............................................. 8

    III.    PLAINTIFF FAILS TO PLEAD A RICO INJURY ...................................................... 9

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Black v. Ganieva*,
 619 F. Supp. 3d 309 (S.D.N.Y. 2022), *aff'd*, 2023 WL 2317173 (2d Cir. Mar. 2, 2023) .....2, 9

*Bridge v. Phoenix Bond & Indem. Co.*,
 553 U.S. 639 (2008)..................................................................................................................2, 4

*Calabrese v. CSC Holdings, Inc.*,
 2004 WL 3186787 (E.D.N.Y. July 19, 2004)...........................................................................5

*Chester Park View, LLC v. Schlesinger*,
 2024 WL 2785140 (S.D.N.Y. May 29, 2024) ..........................................................................6

*D. Penguin Bros. v. City Nat'l Bank*,
 587 F. App'x 663 (2d Cir. 2014) ...............................................................................................9

*DeFazio v. Wallis*,
 500 F. Supp. 2d 197 (E.D.N.Y. 2007) ......................................................................................3

*Entretelas Americanas S.A. v. Soler*,
 2020 WL 9815186 (S.D.N.Y. Feb. 3, 2020)...........................................................................10

*First Cap. Asset Mgmt. Inc. v. Satinwood, Inc.*,
 385 F.3d 159 (2d Cir. 2004)..................................................................................................6, 8

*Flexborrow LLC v. TD Auto Fin. LLC*,
 255 F. Supp. 3d 406 (E.D.N.Y. 2017) ......................................................................................1

*Kimm v. Lee*,
 2005 WL 89386 (S.D.N.Y. Jan. 13, 2005) ...............................................................................2

*Kousisis v. United States*,
 145 S. Ct. 1382 (2025)................................................................................................................3

*Lefkowitz v. Reissman*,
 2014 WL 925410 (S.D.N.Y. Mar. 7, 2014) .............................................................................5

*Malik v. City of New York*,
 841 F. App'x. 281 (2d Cir. 2021) .........................................................................................1, 5

*Med. Marijuana, Inc. v. Horn*,
 145 S. Ct. 931 (2025)............................................................................................................9, 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
  1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ...................................................................................5

*Nygard v. Bacon*,
  2021 WL 4926078 (S.D.N.Y. Oct. 21, 2021) ...........................................................................10

*One World, LLC v. Onoufriadis*,
  2021 WL 4452070 (2d Cir. Sept. 29, 2021) ...............................................................................6

*Petroff Amshen LLP v. Alfa Rehab PT PC*,
  2020 WL 9209278 (E.D.N.Y. Dec. 14, 2020), *aff'd*, 2022 WL 480475
  (2d Cir. Feb. 17, 2022) ..............................................................................................................9

*Ris v. Bedell*,
  699 F. Supp. 429 (S.D.N.Y. 1988) .............................................................................................9

*Scheidler v. Nat'l Org. for Women, Inc.*,
  537 U.S. 393 (2003) ...................................................................................................................6

*Simpson v. Cardoso*,
  2021 WL 8939519 (S.D. Fla. Mar. 8, 2021) ..............................................................................5

*THC Holdings Corp. v. Tishman*,
  1996 WL 291881 (S.D.N.Y. May 31, 1996) .......................................................................4, 10

*Watral v. Silvernails Farms, LLC*,
  177 F. Supp. 2d 141 (E.D.N.Y. 2001) .......................................................................................7

*Wilkie v. Robbins*,
  551 U.S. 537 (2007) ...................................................................................................................6

**Statutes**

18 U.S.C.
  § 875(d) ..................................................................................................................................4, 5
  § 1956(a)(2) ............................................................................................................................4, 5
  § 1964(c) ...............................................................................................................................9, 10

Racketeer Influenced and Corrupt Organizations (RICO) Act ............................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................................3

# INTRODUCTION[1]

As set forth in Professor Richard Epstein's Motion to Dismiss ("Mot."), Plaintiff Gideon Rapaport's attempt at plausibly pleading that Professor Epstein violated civil RICO has wholly "miss[ed] the mark," *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 414 (E.D.N.Y. 2017), and must be dismissed with prejudice.[2] ***First***, Plaintiff fails to plead a pattern of racketeering activity, as he has not pled any viable RICO predicate offenses or the necessary degree of continuity. ***Second***, Plaintiff fails to allege a RICO enterprise. ***Third***, Plaintiff fails to plead a RICO injury. ***Fourth***, Plaintiff fails to plead that any alleged RICO violation caused his failure to secure a clerkship or employment—and he cannot do so as his own actions stand as intervening factors. And ***fifth***, his RICO conspiracy claims fail with the substantive RICO claims, and Plaintiff has not pleaded Professor Epstein agreed to participate in a conspiracy.[3]

Nothing in Plaintiff's slapdash Opposition—which ignores Professor Epstein's arguments, invents facts not pled in his FAC, and repeatedly misunderstands or mischaracterizes the law upon which he purports to rely—can remedy these manifest and fatal failures. The bottom-line, as ever, remains that Plaintiff has not pleaded and cannot plead that Professor Epstein violated RICO or that a vast RICO conspiracy existed either to thwart Plaintiff's rise to legal greatness or to control the U.S. judiciary. Enough is enough. Plaintiff's fantastical FAC must be dismissed with prejudice.

---

[1] This Reply uses the abbreviations from Defendant Epstein's Motion to Dismiss (Dkt. No. 76) ("Motion" or "Mot."). It also incorporates and adopts, as relevant, the arguments advanced by the Student Defendants' in their respective Motion to Dismiss memoranda of law (Dkt. Nos. 44 and 80) and Replies.

[2] Plaintiff does not address his antitrust claims (Counts 5 – 9) in Opposition and therefore appears to have abandoned them. *Malik v. City of New York*, 841 F. App'x. 281, 284 (2d Cir. 2021) (summary order) ("When a party fails adequately to present arguments," including in an opposition brief, courts may "consider those arguments abandoned."). Even if Plaintiff is not deemed not have abandoned those claims, they should still be dismissed for the reasons set forth in Defendant Epstein's moving papers. *See* Mot. at 19-25.

[3] The Opposition fails to address the Motion's RICO conspiracy argument. As such, Plaintiff has abandoned Counts 3-4.

1

## ARGUMENT

### I.   THE FAC DOES NOT ALLEGE A PATTERN OF RACKETEERING ACTIVITY

Plaintiff's RICO claim against Professor Epstein must be dismissed because he has failed to plead a "pattern" of RICO activity, including two related predicate acts within a ten-year period at the requisite level of continuity. His haphazard Opposition cannot rectify these bedrock defects.

#### A.   Plaintiff Has Not Pled Professor Epstein Committed Any RICO Predicates

##### 1.   Plaintiff Has Not Pled Professor Epstein Committed Wire Fraud

Professor Epstein's moving brief demonstrated that Plaintiff failed to plead wire fraud because he did not allege the purported wire fraud (in the form of an email and telephone call) was undertaken to "obtain[] money or property"; or that he was "induced to part with anything of value as a result," *Kimm v. Lee*, 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005); or that he relied upon any alleged undisclosed facts to his detriment; or that the purported wire fraud was "interstate." *See* Mot. at 8-9. Plaintiff's counterarguments, which misread inapposite cases, miss the mark.

*First*, Plaintiff mischaracterizes Professor Epstein's arguments, contending that the Motion argued that Plaintiff "may not recover for injuries he suffered due to frauds committed against third parties." Opp. at 8 (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)). While it is not totally clear what Plaintiff means by this or how it relates to Professor Epstein's arguments, nothing in *Bridge* relieves Plaintiff of his fundamental obligation to allege that wire fraud was undertaken to induce him to part with something of "value." *Kimm*, 2005 WL 89386, at *4. Nor does Plaintiff ever plead that Professor Epstein "defrauded" any third-party. To the extent "frauds committed against third parties" refers to Professor Epstein's purported statements to others which injured Plaintiff's reputation that too cannot state a claim for wire fraud. *See Black v. Ganieva*, 619 F. Supp. 3d 309, 344 (S.D.N.Y. 2022), *aff'd*, 2023 WL 2317173 (2d Cir. Mar. 2, 2023).

2

***Second,*** Plaintiff's argument that he need not allege "economic loss" to plead wire fraud is similarly, a straw man: the Motion never argued Plaintiff had to plead economic loss. *Compare* Opp. at 9 (citing *Kousisis v. United States*, 145 S. Ct. 1382, 1391 (2025)) *with* Mot. at 8. Rather, the Motion argued that the failure to plead a scheme to obtain money or property required dismissal. Mot. at 7-8. Put differently, the alleged scheme's *object*—not its ultimate impact on Plaintiff—matters here. *Kousisis* is in accord. There, the Supreme Court held that while a showing of economic loss was unnecessary, wire fraud nevertheless required a scheme "to 'obtain' the victim's 'money or property,' regardless of whether [defendant] seeks to leave the victim economically worse off." 145 S. Ct. at 1392. Far from absolving Plaintiff of the obligation to plead a scheme to obtain his "money or property," *Kousisis* affirms that it is a core requirement. As set forth in Professor Epstein's Motion, he has not met it. That failure dooms his wire fraud predicate.

***Third***, this Court can reject Plaintiff's legally unsupported and far-fetched contention that alleging wire fraud does not require him to plead that the communications were "interstate," and that it is enough that the communications were transmitted through an "interstate system." Opp. at 8. Not only does Plaintiff never actually plead this, Plaintiff's interpretation would render the "interstate" requirement of "wire" fraud a nullity since virtually all telephone or email systems are "interstate." Recognizing this common sense conclusion, New York courts have expressly held that a RICO predicate act of wire fraud requires alleging an interstate communication—not just a communication by interstate means. *See DeFazio v. Wallis*, 500 F. Supp. 2d 197, 204 (E.D.N.Y. 2007) (quoting *Utz v. Correa,* 631 F. Supp. 592, 596 (S.D.N.Y. 1986)). And Plaintiff cannot satisfy Rule 9(b) particularity by conveniently claiming for the first time in his Opposition that he was in New Jersey during the communications. *See id.* (claim in brief that plaintiff was out of state "is not appropriate for consideration because it did not appear in the amended complaint").

***Fourth***, replying to the Motion's argument that Plaintiff fatally failed to plead reliance on Professor Epstein's alleged email non-disclosure of Student Defendants' involvement, Mot. at 8, Plaintiff invokes *Bridge* to contend that he need not show "reliance." Opp. at 8.[4] In doing so, he concedes both that his wire fraud claim is based only on "false facts and not omitted facts," and that he did ***not*** rely on any non-disclosure by Professor Epstein (as he pleads, *see id.* FAC ¶¶ 146-170). Opp. at 8. *Bridge*, which specifically determined that reliance was unnecessary to show mail fraud based on an affirmative misstatement, does not disturb the general rule that "RICO mail and wire fraud predicate acts based on non-disclosure…require proof of reliance." *THC Holdings Corp. v. Tishman*, 1996 WL 291881, at *4 (S.D.N.Y. May 31, 1996). Here, Plaintiff pleaded that Professor Epstein, in response to an email from Plaintiff, took "responsib[ility]," but did not disclose "the students whom [Epstein] knew to be culpable." FAC ¶ 145. That alleges non-disclosure—not misrepresentation. Since wire fraud predicated on non-disclosure requires reliance, Plaintiff surrenders any wire fraud claim based on this email. He fails to allege wire fraud.

### 2. The FAC Fails To Plead Professor Epstein Committed Money Laundering

As explained in the Motion, Plaintiff fails to state a money laundering predicate act because he fails to allege any money offered to him was derived from unlawful activity. He also fails to plead *any* transaction, let alone one in interstate commerce. *See* Mot. at 10-11.

Plaintiff's Opposition does not refute that he has failed to plead either an interstate transaction or that the money allegedly offered to him was derived from unlawful activity (indeed, the Opposition concedes that the money had "(potentially lawful) origins," Opp. at 10). Instead, Plaintiff tries to salvage his claim by flailing towards 18 U.S.C. § 1956(a)(2) and 18 U.S.C.

---

[4] Plaintiff also argues that the Motion claimed that Defendant "did not have a duty to disclose omitted facts to the plaintiff" and that this absence of duty is "irrelevant." Opp. at 8. The Motion never makes that argument. It seems that Plaintiff is shadowboxing with an argument from separate briefing in the dismissed related action.

4

§ 875(d).[5] Opp. at 9. Neither works. ***First,*** Section 1956(a)(2) pertains to the ***international*** transfer of funds. The FAC not only never pleads any financial transaction whatsoever, but never pleads any attempted or completed *international* transfer.[6] The Opposition's failure to identify any such allegation concedes this fatal defect. Section 1956(a)(2) is therefore a dead-end for Plaintiff. ***Second***, Section 875(d) fares no better because as federal courts have recognized, that statute is "not among those offenses which may constitute a predicate act." *Calabrese v. CSC Holdings, Inc.*, 2004 WL 3186787, at *8 (E.D.N.Y. July 19, 2004); *see also Simpson v. Cardoso,* 2021 WL 8939519, at *4 (S.D. Fla. Mar. 8, 2021).[7] Plaintiff has not pled money laundering.

### 3. Plaintiff Has Not Pled Professor Epstein Committed Extortion or Witness Tampering/Obstruction of Justice

Professor Epstein's Motion established that Plaintiff failed to allege either an extortion or a witness tampering/obstruction of justice predicate act. *See* Mot. at 10-12. For its part, Plaintiff's Opposition fails to address any arguments raised by the Motion about these alleged predicate acts, and instead focuses exclusively on the Student Defendants' unrelated acts, apparently abandoning these predicate claims as to Professor Epstein. *See Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1994 WL 88129, at *11; *Malik*, 841 F. App'x. at 284. Underscoring this abandonment, Plaintiff's Opposition gives only passing mention to extortion under New York law (the place of Professor

---

[5] Plaintiff cannot plead Professor Epstein committed money laundering by Nelms' alleged actions. *See* Opp. at 10; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129, at *11 (S.D.N.Y. Mar. 15, 1994) (pleading defendant committed predicate offense requires alleging "specific connection" between defendant and illegal acts).

[6] To the extent the Court permits Plaintiff's amendment via opposition to assert a claim under Section 1956(a)(2), the claim also fails because the FAC does not plead that Professor Epstein committed "money laundering" with "the intent to promote the carrying on" of RICO predicate offenses, as is required to state a Section 1956(a)(2) money laundering predicate. *Lefkowitz v. Reissman*, 2014 WL 925410, at *6 (S.D.N.Y. Mar. 7, 2014).

[7] Even if Plaintiff could use 18 U.S.C. § 875(d) as a RICO predicate offense, that would still fail because he has not pled that Professor Epstein acted "with intent to extort…any money or other thing of value" nor a "communication containing any threat to injure the property or reputation of the addressee or of another." The FAC never pleads that Professor Epstein engaged in "money laundering" to threaten or injure Plaintiff's reputation or property. Rather, the FAC pleads that Professor Epstein "controls … captured enterprises … and … engages in money laundering to conceal the origins of funds which are not socially or politically palatable to many" and access "to dark money" and that Professor Epstein "offered the plaintiff money from a slush fund." FAC ¶¶ 27, 31, 217. That is not enough.

5

Epstein's residence), and instead focuses on Washington, D.C. and Minnesota extortion laws—which are irrelevant to Professor Epstein. In any event, as the Motion to Dismiss explains, state statutes can only qualify as a predicate offense under RICO if they "fit the traditional definition of extortion," *Wilkie v. Robbins*, 551 U.S. 537, 567 (2007), which requires "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003). Plaintiff's failure to so plead dooms any state extortion predicate for the same reason as any Hobbs Act extortion claim.

### B. Plaintiff Has Failed to Allege Either Closed or Open-Ended Continuity

As set forth in Professor Epstein's moving papers, Plaintiff has failed to plead—as he must—either an open or closed-ended pattern of racketeering activity. *See* Mot at 12-14; *Chester Park View, LLC v. Schlesinger*, 2024 WL 2785140, at *7 (S.D.N.Y. May 29, 2024). Plaintiff's arguments in Opposition cannot rectify the identified shortcomings.

**Closed-Ended Continuity.** Professor Epstein established that Plaintiff failed to plead closed-ended continuity because the four predicate acts in which Professor Epstein allegedly engaged ran from August 9, 2022 to May 15, 2024, a period of less than two years. *See Chester Park*, 2024 WL 2785140, at *8 (barring claims of closed-ended continuity of under two years). Given that the alleged scheme is relatively simple and involved only a limited number of alleged perpetrators and a single "victim" in Plaintiff, there is no reason to depart from the Second Circuit's standard. *See One World, LLC v. Onoufriadis*, 2021 WL 4452070, at *2 (2d Cir. Sept. 29, 2021).

Plaintiff's arguments in Opposition cannot overcome his defective pleading. Plaintiff's first infirm attempt to extend the relevant time period is to rely on predicate acts allegedly committed by the Student Defendant in September 2020 and October 2024. Opp. at 15. But acts committed by other Defendants cannot establish continuity against Professor Epstein, since continuity is analyzed "with respect to each defendant individually." *First Cap. Asset Mgmt. Inc.*

6

*v. Satinwood, Inc.*, 385 F.3d 159, 180 (2d Cir. 2004). Next, Plaintiff's vague and unsupported claim that Professor Epstein's money laundering "predate[s] this period," Opp. at 15, does not suffice, since no allegation in the FAC supports this contention and Plaintiff, even now, does not offer *when* these activities allegedly began. Even if he had, Plaintiff is bound to his pleading that the "money laundering," *i.e.*, Professor Epstein offering to connect him with a fellowship, occurred on February 3, 2023. FAC ¶ 217. Plaintiff fails to plead closed-ended continuity.

**Open-Ended Continuity**. As set forth in the Motion, the FAC also does not satisfy the requirements for open-ended continuity because Plaintiff has expressly pled that the allegedly captured enterprises (NYU FedSoc and JLL) exist for "legitimate purposes"; he has not pled that the alleged predicate acts were the organizations' regular way of conducting business; and the alleged predicate acts by Professor Epstein were discrete communications insufficient to imply a threat of continuing criminal activity. Opp. at 14. *See Watral v. Silvernails Farms, LLC*, 177 F. Supp. 2d 141, 150 (E.D.N.Y. 2001) (threat of open-ended activity only exists where, *inter alia*, alleged enterprise is "engaged in primarily criminal conduct" or "nature of the predicate acts themselves imply a threat of criminal activity").

In his Opposition, Plaintiff attempts to support "open-ended" continuity by pointing to a November 2024 speech by Professor Epstein at a Federalist Society event, Opp. at 3, 14, during which Professor Epstein allegedly expressed that "the main purpose of the Federalist Society was to develop and place law clerks into judicial clerkships and eventually judgeships." FAC ¶ 187. Plaintiff then reaches to claim that this statement "indicat[es] that defendant Epstein intends to continue his racket to pursue the same aims." Opp. at 14. Not only is this speculative and unsupported insinuation not enough, Professor Epstein's statement opined on the *Federalist Society*'s purpose—not his own aims. In any event, "developing students for clerkships" is not a

7

RICO predicate offense and cannot support continuity. *First Cap. Asset Mgmt., Inc.*, 385 F.3d at 181 (no open-ended continuity where referenced misconduct was not a predicate act).

Plaintiff also cannot salvage "open-ended continuity" via purported comments by a 2023/2024 NYU FedSoc chapter president that Professor Epstein was no longer supporting students for clerkships. Opp. at 14-15. He has pled that the purpose of Professor Epstein's alleged racket was to place students sharing his ideology into clerkships. FAC ¶ 32. Alleging that Professor Epstein stopped doing so demonstrates *halted* conduct—not continuing.[8] Failure to plead either type of continuity or a RICO predicate against Professor Epstein requires the FAC's dismissal.

## II. PLAINTIFF HAS NOT PLED A RICO ENTERPRISE

As set forth in the Motion, Plaintiff's bald allegations that NYU FedSoc and JLL are "captured enterprises" controlled by Professor Epstein cannot meet his burden of pleading the existence of a RICO enterprise. Mot. at 15-16. In Opposition, Plaintiff regurgitates the same threadbare allegations but adds the "Courts of the United States" as "the enterprises involved in the Epstein racket." Opp. at 16. Save for superficial disagreement, Plaintiff cites to no facts from the FAC that can establish that he has plausibly pled a RICO enterprise—because he cannot. And highlighting the bizarre nature of Plaintiff's allegations of a RICO enterprise is the facially ludicrous claim that the "Courts of the United States" are an enterprise in the "Epstein racket."

Plaintiff's Opposition only confirms that, as the Motion explains, the alleged racket's "participants" all purportedly acted pursuant to distinct self-interests. Plaintiff argues that Professor Epstein acted to "control[] the staffing of judicial clerkships and student organizations" and to "increase his influence." Opp. at 12-13. On the other hand, he claims that the Student Defendants acted "to increase their access to the racket's resources and protect themselves from

---

[8] The Student Defendants' purported actions, like alleged perjury, cannot show open-ended continuity, Opp. at 14, because continuity is analyzed "with respect to each defendant individually." *First Cap. Asset Mgmt.*, 385 F.3d at 180.

8

the legal consequences of their actions." *Id.* at 12. These distinct self-interests cannot satisfy RICO's "common purpose" requirement, which needs defendants to act "on behalf of the *enterprise* as opposed to on behalf of [themselves]…to advance their individual self-interests." *D. Penguin Bros. v. City Nat'l Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (emphasis in original). Plaintiff's last-ditch argument that a common purpose existed because the Defendants disliked him does not suffice. Opp. at 14-15. *See Black*, 619 F. Supp. 3d at 333 (common purpose "demands more than…shared enmity.").

Finally, Plaintiff cannot remedy his failure to allege a common purpose—nor his admission that the Defendants shared *no* common purpose—by arguing that the "predicate acts are related in their results" or that the alleged participants were "thick as thieves." Opp. at 13. Plaintiff confuses two discrete matters: the shared *result* Plaintiff avers is *distinct* from a "common purpose." *See, e.g.*, *Ris v. Bedell*, 699 F. Supp. 429, 440 (S.D.N.Y. 1988) (conclusory allegations that pattern of activities in aggregate resulted in financial loss to plaintiff did not plead "common purpose" particularly where "each defendant had a very different purpose in his dealings" with plaintiff.).

Plaintiff's failure to plead a RICO enterprise separately mandates dismissal with prejudice.

## III. PLAINTIFF FAILS TO PLEAD A RICO INJURY

As explained in Professor Epstein's Motion, Plaintiff's threadbare allegations that he suffered "injury to his business and property" and by "incurring legal costs" in the instant action do not allege the requisite injuries under 18 U.S.C. § 1964(c) to "his business or property" stemming from any of the purported predicate acts required to plead a RICO claim. *See* Mot. at 16-18; *see also Petroff Amshen LLP v. Alfa Rehab PT PC*, 2020 WL 9209278, at *3 (E.D.N.Y. Dec. 14, 2020) (requiring allegations of "concrete financial loss"), *aff'd*, 2022 WL 480475 (2d Cir. Feb. 17, 2022). In his Opposition, Plaintiff does not even try to dispute that he has not alleged a "concrete financial loss" and appears to abandon his claim for RICO injury based on legal costs.

9

Opp. at 16. Instead, relying on *Med. Marijuana, Inc. v. Horn*, 145 S. Ct. 931 (2025), Plaintiff pivots his RICO injury to one of "lost" employment due to "retaliation." *Id.* Plaintiff, however, overstates the holding in the case, which declined to reach whether "business" encompassed "employment" under § 1964(c) or whether loss of a job caused an injury to property. *Id.* at 938.

But even if being terminated from employment can constitute a cognizable RICO injury, Plaintiff has failed to plead it. Even in his Opposition, he never identifies the workplace, nor role he was terminated from, nor the amount of financial loss suffered as a result. Instead, he vaguely pleads that the job was "JD-advantaged and of an academic nature." FAC. ¶ 177. And while Plaintiff identifies the Manhattan Institute as an employer Professor Epstein "interfered" with, he never specifically pleads that he was *terminated* by the Manhattan Institute because of any interference by Professor Epstein. *Id.* ¶ 182.[9] Nor does he plead that any such "interference" constituted a RICO predicate act—nor could he. At bottom, nothing in Plaintiff's Opposition can repair his manifest failure to plausibly and particularly plead "concrete financial loss." This failure requires dismissal with prejudice.

## CONCLUSION

For the foregoing reasons and for those set forth in the Motion to Dismiss, Defendant Epstein respectfully requests that the FAC be dismissed with prejudice.

---

[9] While Plaintiff's Opposition does not address the Motion's arguments about his failure to plead causation, Mot. at 18-19, his allegations that Professor Epstein made him "a topic of disparaging discussion" in the "presence of the ultimate decision maker at the plaintiff's place of first employment," FAC. ¶ 180, does not establish that any alleged RICO violation was the but-for and proximate cause of his purported injury (loss of employment). *THC Holdings*, 1996 WL 291881, at *5. Not only are these "disparaging" comments unrelated to any alleged predicate act, but Plaintiff only speculates that he lost this employment "as a result of defendant Epstein's interference." FAC. ¶ 180. That does not plead RICO causation with either particularity or plausibility, especially where Plaintiff's "voluntary decisions" (i.e., failure to seek bar admission or other employment) stand as intervening causes to his employment failures. *Entretelas Americanas S.A. v. Soler*, 2020 WL 9815186, at *8-9 (S.D.N.Y. Feb. 3, 2020); *Nygard v. Bacon*, 2021 WL 4926078, at *1 (S.D.N.Y. Oct. 21, 2021).

Dated: September 29, 2025               Respectfully submitted,

*/s/ Jeremy Chase*
Jeremy Chase
Gerald A. Stein
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: 212-489-8230
Fax: 212-489-8340
Email:   jeremychase@dwt.com
         geraldstein@dwt.com
         nimraazmi@dwt.com

*Attorneys for Defendant
Professor Richard A. Epstein*

11