UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

GIDEON RAPAPORT,

                     Plaintiff,

          - against -

RICHARD ALLEN EPSTEIN, MITCHELL
K. PALLAKI, AJAY SRINIVASAN IYER,
ZACHARY GEORGE GARRETT,
WILLIAM STUART LASSETER
WEINBERG, ANDREW NELMS, JOHN
DOES 1-3,

                  Defendants.

------------------------------------------------------------ x

No. 24-cv-07439-JGLC

# DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Jeremy Chase
Gerald A. Stein
Hilary Oran
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Tel: 212-489-8230
jeremychase@dwt.com
geraldstein@dwt.com
hilaryoran@dwt.com

*Counsel for Defendant
Professor Richard A. Epstein*

Brian J. Field (admitted *pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
bfield@schaerr-jaffe.com

*Counsel for Defendants Ajay Srinivasan
Iyer, Zachary George Garrett, William
Stuart Weinberg, and Andrew Nelms*

Seth L. Levine
Steven W. Kessler
LEVINE LEE LLP
400 Madison Avenue New York, New York
10017 Telephone: (212) 223-4400
slevine@levinelee.com
skessler@levinelee.com

*Counsel for Defendant
Mitchell K. Pallaki*

Defendants Professor Richard Allen Epstein, Mitchell K. Pallaki, Ajay Iyer, Zachary Garrett, William Weinberg, and Andrew Nelms (collectively, "Defendants") respectfully submit this opposition to Plaintiff Gideon Rapaport's ("Plaintiff") motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Mot.") (ECF No. 92).

## PRELIMINARY STATEMENT

On March 31, 2026, this Court granted Defendants' respective motions to dismiss Plaintiff's Amended Complaint which asserted civil RICO and antitrust claims. *See* ECF No. 90. In doing so, this Court meticulously catalogued the fatal pleading deficiencies in Plaintiff's Amended Complaint and correctly determined that such deficiencies were incurable. As a result, the Court granted dismissal with prejudice and directed the clerk to enter judgment. Unhappy with the Court's decision, Plaintiff moved to amend or alter that judgment pursuant to Rule 59(e) or, in the alternative, for leave to file his proposed Second Amended Complaint.[1] The Court should deny both requests.

As for his motion for reconsideration, Plaintiff repeats the same meritless points he argued and lost at the motion to dismiss stage. He does not even attempt to demonstrate an intervening change of controlling law, his "new evidence" was available to him at the time he filed his Amended Complaint and has no bearing on his claims in any event, and he wholly fails to identify a clear error, or the need to prevent manifest injustice such that this Court should reconsider its earlier decision. Put simply, the motion lacks any merit and should be denied.

The same is true with respect to his (apparent) request to file a Second Amended Complaint. Plaintiff already amended once, and he was still unable to plead any viable claims.

---

[1] Defendants interpret Plaintiff's references to, and attachment of, his proposed Second Amended Complaint as a request to file this new pleading.

2

Additionally, this Court already *sua sponte* denied Plaintiff leave to amend a second time on the ground that further amendment would be futile.  Plaintiff's Motion provides no basis to reconsider that decision.  And, moreover, the proposed Second Amended Complaint is largely unchanged from the already-dismissed Amended Complaint, reinforcing the futility of further amendment.

Plaintiff has now filed two meritless lawsuits against many of the Defendants here over the same underlying conduct.  This Court rightly dismissed both lawsuits with prejudice.  Plaintiff raises no sound reason to revive this lawsuit.  Accordingly, the Court should deny Plaintiff's Motion in its entirety.

## BACKGROUND

Plaintiff filed his First Amended Complaint on June 16, 2025.  ECF No. 71.  In it he asserts nine claims under RICO and the Sherman Act against all Defendants stemming from, as this Court described it, allegations that "law school gossip and an organized conspiracy destroyed his reputation and the connections that he believes would have guaranteed him [a Supreme Court] clerkship." *Rapaport v. Epstein*, 2026 WL 878714, at *1 (S.D.N.Y. Mar. 31, 2026) (ECF No. 90) (the "Opinion and Order").  Defendants moved to dismiss each of these claims.  ECF Nos. 75, 77, 79.  The Court granted Defendants' motions in full and denied Plaintiff leave to amend his complaint (again).  *See* Opinion and Order.

## ARGUMENT

Plaintiff's motion for reconsideration under Rule 59(e) does nothing more than relitigate issues this Court already rejected.  But "it is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Therefore, under Rule 59(e), a judgment will not be reconsidered

absent "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GMBH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (internal citation and quotation marks omitted). These standards "are **strict**: [r]econsideration of a previous order by the court is an **extraordinary remedy** to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Medina v. Tremor Video, Inc.*, 2015 WL 3540809, at *1 (S.D.N.Y. June 5, 2015) (emphasis added) (internal quotation marks and citation omitted), *aff'd*, 640 F. App'x 45 (2d Cir. 2016); *see also Winkler v. Grant*, 2008 WL 3539898, at *1 (W.D.N.Y. Aug. 12, 2008) ("The standard under which a motion for reconsideration is considered is strict, and such motions are rarely granted."), *aff'd*, 370 F. App'x 145 (2d Cir. 2010). "Ultimately, the decision of whether to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, 2025 WL 1826583, at *2 (S.D.N.Y. July 2, 2025) (internal citation omitted). Here, Plaintiff fails to set forth any of the recognized grounds for reconsideration and, as such, the Court should deny his motion.

## I.    PLAINTIFF FAILS TO IDENTIFY ANY BASIS WARRANTING RECONSIDERATION.

Plaintiff fails to demonstrate any basis for allowing the "extraordinary remedy" of reconsideration.[2]

*First*, he points to no intervening change of controlling law.[3]

---

[2] Defendants note that the Court may also deny Plaintiff's motion because he filed a letter motion, which is not appropriate for a motion for reconsideration. See Local Civil R. 7.1(e).

[3] To the extent Plaintiff relies on *Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025), *see* Mot. 3–4, that reliance is misplaced for two reasons. *First*, *Horn* does not support Plaintiff's position. *Second*, the *Horn* decision was issued on April 2, 2025, nearly a year before the Court's Opinion and Order, and was cited by Plaintiff in opposing Defendants' motions. *See*, *e.g.*, *Lyda v. FremantleMedia N.A., Inc.*, 2013 WL 4756620, at *2 (S.D.N.Y. Aug. 26, 2013) (noting that a case that was decided

*Second*, the ostensibly "newly obtained audiovisual evidence"—evidence that Plaintiff failed to provide to Defendants—is not in fact new.[4]  "[N]ew evidence is that which is truly newly discovered or could not have been found by due diligence." *Lashify, Inc. v. Qingdao Network Tech. Co.*, 2026 WL 380688, at *2 (S.D.N.Y. Feb. 11, 2026) (internal quotation marks and citation omitted).  In contrast, evidence that plaintiff "could have, but failed, to provide the Court with when the Court initially considered the motion" does not constitute new evidence.  *Id*.  Here, Plaintiff contends that Professor Epstein made "public admissions . . . as to his highly ambitious and equally successfully racketeering enterprise" during the 2024 Federalist Society National Lawyers' Convention. Mot. 1, 3.  But Plaintiff expressly referenced these comments in his Amended Complaint (*see* ECF No. 71 ¶ 186) and in his Opposition to Professor Epstein's dismissal motion.  *See* ECF No. 83, at 3, 14.  However, he did not attach the audio to either his Amended Complaint or his opposition brief.  Plaintiff offers no justification for his failure to provide this recording earlier, and he has no explanation for how this constitutes "new" evidence.[5]  Put simply, even given the special solicitude afforded *pro se* plaintiffs, there is no reason for the Court to consider these purported recordings at this late hour.

*Third*, Plaintiff has not satisfied the exacting standard for demonstrating that the Court's judgment constituted a clear error or that reconsideration is required to prevent manifest injustice.

---

before the court's decision and cited by a party did not qualify as an intervening change in controlling law).

[4] Defendants repeatedly checked the electronic file share link provided by the Court, which, to the best of their knowledge, never included any recording of Professor Epstein.  Further, Plaintiff never independently served his "newly obtained audiovisual evidence" upon Defendants.

[5] Defendants reserve their rights to make additional arguments as to why this allegedly "new evidence" does not present grounds for reconsideration once the recording becomes available to them.

At bottom, Plaintiff argues that this Court must reconsider its sound opinion because he disagrees with it. *E,g.*, Mot. at 2 (claiming that the Court "fail[ed] to recognize Plaintiff's concrete loss of actual employment," though the Court explicitly considered rejected this argument, *see* Opinion and Order at *13); Mot. at 3 (contending that the Court "committed clear legal error by recharacterizing the plaintiff's allegations of injury to business or property as allegations of non-cognizable reputational injury" where the Court engaged in a thorough analysis of why Plaintiff failed to allege any cognizable injury, *see* Opinion and Order at *12-*13). But "[m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship" warranting reconsideration. *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010); *see also Bank v. NFL Props*., 2025 WL 3090126, at *1 (S.D.N.Y. Nov. 5, 2025) (denying motion for reconsideration and noting that "dissatisfaction with the court's decision is not a proper basis for a motion for reconsideration").

As this Court has explained, where, as here, a plaintiff "has failed to identify any exceptional circumstances warranting reconsideration, identify any 'controlling decisions or data' the Court has overlooked, or show the need to correct a clear error or prevent manifest injustice, the Motion must be denied." *See Goodman v. City of New York*, 2025 WL 289704, at *2 (S.D.N.Y. Jan. 24, 2025) (Clarke, J.) (internal citation mark and quotation omitted), *aff'd*, 2026 WL 1379487 (2d Cir. May 18, 2026). Just as in *Goodman*, the Court should deny Plaintiff's motion.

## II.    PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiff's apparent request to file a second amended complaint should also be denied. *First*, this Court has already denied Plaintiff leave to further amend in its Opinion and Order, and the Motion does not provide any basis for the Court to reconsider that decision. *See supra* § I. The exacting standards applicable to a post-judgment challenge on the merits "apply in full force

to a motion for reconsideration of a denial of leave to replead." *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009) (internal citation omitted). Where, as here, the Court found that any amendment would be futile, reconsideration under F.R.C.P. 59(e) is unwarranted. *See*, *e.g.*, *Newton*, 2025 WL 1826583, at *3-*4. The Court can deny Plaintiff's request on this basis alone. *Id.* at *4 (denying plaintiff's request under Rule 59(e) or Rule 60(b) where, as here, the plaintiff "identifies no clear error with the Court's conclusion that amendment of the Complaint would be futile, no manifest injustice from the Court's decision to deny her motion to amend and dismiss her claims with prejudice given that futility, and no extraordinary circumstance to vacate the [earlier] Opinion.").

*Second*, even if the Court were to entertain Plaintiff's request, it should nonetheless be denied. As this Court explained, any amendments would be futile as "[t]here is nothing in Plaintiff's motion papers to suggest that any of his claims are viable with better drafting and indeed . . . each of his claims fails on numerous grounds." Opinion and Order at *14. The proposed Second Amended Complaint reinforces that the Court's initial conclusion was correct: the proposed Second Amended Complaint is nearly identical to the pleading this Court already rejected. The Court should not consider Plaintiff's latest attempt to litigate his meritless claims and unnecessarily multiply the proceedings. As such, like his reconsideration motion, the Court should deny Plaintiff's motion for leave to file another amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for post-judgment reconsideration should be denied, and his request for leave to amend should be denied.

Dated: May 27, 2026                    Respectfully submitted,

                                       */s/ Jeremy Chase*
                                       Jeremy Chase
                                       Gerald Stein

Hilary Oran
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020-1104
Phone: (212) 489-8230
Fax:          (212) 489-8340
jeremychase@dwt.com
geraldstein@dwt.com
hilaryoran@dwt.com

*Attorneys for Defendant*
*Professor Richard A. Epstein*

Brian J. Field (admitted *pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Fax: (202) 776-0136
Email: bfield@schaerr-jaffe.com

*Counsel for Defendants Ajay Srinivasan*
*Iyer, Zachary George Garrett, and William*
*Stuart Weinberg, and Andrew Nelms*

Seth L. Levine
Steven W. Kessler
LEVINE LEE LLP
400 Madison Avenue New York, New York
10017 Telephone: (212) 223-4400
slevine@levinelee.com
skessler@levinelee.com

*Counsel for Defendant*
*Mitchell K. Pallaki*

8

## ECERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 1,880 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 27, 2026
New York, NY                           */s/ Jeremy Chase*
                                        Jeremy Chase