The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Rapaport v. Epstein et al.*, No. 24-cv-07439 (JGLC)**

Letter-Motion for Leave to Take Deposition to Perpetuate Testimony of Defendant Richard Allen Epstein Pursuant to Fed. R. Civ. P. 27(b)

Your Honor:

Plaintiff respectfully moves, pursuant to Federal Rule of Civil Procedure 27(b), for leave to take the oral deposition of Defendant Richard Allen Epstein in order to perpetuate his testimony for use in the event of further proceedings in this Court.

## I. Procedural Background

On March 31, 2026, the Court entered judgment dismissing the action with prejudice (ECF No. 91) pursuant to the Opinion and Order of the same date (ECF No. 90). No discovery was ever taken or opened in this case. No Rule 26(f) conference occurred, and no scheduling order governing discovery was entered.

A timely motion to alter or amend the judgment under Rule 59(e) remains pending (ECF No. 92, filed April 28, 2026). That motion attaches and relies upon audiovisual recordings of public statements made by Defendant Epstein after this action was filed. Because a final judgment has been entered and the time to appeal has been tolled by the pending Rule 59(e) motion, Rule 27(b) authorizes this Court to permit the taking of depositions to perpetuate testimony for use in the event of further proceedings in the district court.

## II. Legal Standard

Rule 27(b) provides that the court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court. The motion must show (A) the name, address, and expected substance of the testimony of each deponent, and (B) the reasons for perpetuating the testimony. The Court may grant the motion if it finds that perpetuating the testimony may prevent a failure or delay of justice. Fed. R. Civ. P. 27(b).

## III. The Proposed Deposition Meets the Requirements of Rule 27(b)

### A. Identity of the Deponent

Defendant Richard Allen Epstein is a professor of law at the New York University School of Law, 40 Washington Square South, New York, NY 10012. On information and belief, he resides in the City and State of New York. He was born in April 1943 and is presently 83 years of age.

**B. Expected Substance of the Testimony**

Deponent is expected to testify, based on his personal knowledge, concerning the following matters:

1. The sources, control, and disbursement of funds available to him or under his influence, including any contributions or payments originating from foreign entities and the mechanisms through which such funds were received, held, or distributed (including through organizations qualifying under 26 U.S.C. § 501(c)(3), fellowships, grants, or similar vehicles).

2. His knowledge of, response to, and any actions taken regarding the conduct of the student defendants concerning the plaintiff, including any communications with those individuals, decisions to continue associating with or supporting them, and any steps taken after becoming aware of allegations involving forged documents, false complaints, or disseminated statements about the plaintiff.

3. His purposes and objectives in exercising influence over the selection and placement of individuals into federal judicial clerkships (including positions at the Supreme Court of the United States and lower federal courts) and other high-profile legal positions, including the duration of that effort and any stated intention to continue it.

4. The public statements he made at the 2024 Federalist Society National Lawyers' Convention concerning his long-term efforts to influence the selection of federal clerks and judges, including any statements regarding the length of that effort and the goal of ensuring that particular categories of candidates obtain those positions.

5. His communications and relationship with the plaintiff, including any discussions, offers, or promises concerning a federal appellate clerkship, a potential Supreme Court clerkship, a position on the NYU Journal of Law and Liberty, a Bradley Fellowship and any subsequent decisions affecting those matters.

6. His knowledge of the operations and leadership of the NYU Federalist Society chapter and the NYU Journal of Law and Liberty during the relevant period, and any guidance or influence he exercised with respect to those organizations.

These topics are drawn from the factual allegations of the proposed Second Amended Complaint and from the public statements made by Defendant Epstein after this action was brought that are referenced and relied upon in the pending Rule 59(e) motion.

**C. Reasons for Perpetuating the Testimony**

Deponent is 83 years of age. Advanced age at this level carries a recognized increased risk that testimony will become unavailable during the time required for resolution of the pending Rule 59(e) motion and any subsequent appeal or remand proceedings.

Because this action was dismissed on pre-discovery motions to dismiss, no opportunity ever existed to take Deponent's testimony. Deponent occupies a central role in the allegations concerning the enterprise, the sources and use of funds (including potential foreign sources), the response to the student defendants' conduct, and the objectives of influencing the staffing of federal courts and related high-profile positions. His public statements made after the filing of this action, which are already part of the record on the pending Rule 59(e) motion, further underscore the materiality of his personal knowledge on these subjects. That knowledge cannot be obtained from any other source.

The combination of Deponent's advanced age, the complete absence of any prior discovery, and the materiality of his testimony creates a substantial risk that this testimony will be permanently lost if not perpetuated now. Allowing the deposition will prevent a failure or delay of justice by ensuring that the testimony remains available for use if the judgment is altered, amended, vacated, or the case is remanded for further proceedings.

**IV. Requested Relief**

The plaintiff respectfully requests that the Court enter an order:

1. Granting leave under Rule 27(b) to take the oral deposition of Defendant Richard Allen Epstein for the purpose of perpetuating testimony;

2. Directing that the deposition be conducted in accordance with the Federal Rules of Civil Procedure and may be used in the same manner as any other deposition taken in a pending district-court action; and

3. Granting such other and further relief as the Court deems just and proper.

The plaintiff is prepared to confer promptly with counsel for Defendant Epstein regarding scheduling, location, and any reasonable limitations on the scope or duration of the examination.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

/s/ Gideon Rapaport
Gideon Rapaport, *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627, 1078 Summit Avenue
Jersey City, New Jersey 07307