Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Jeremy Chase**
(212) 489-8230 tel
(212) 489-8340 fax

jeremychase@dwt.com

September 1, 2026

**VIA ECF**

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Rapaport v. Epstein et al.*, No. 24-cv-07439**

Dear Judge Clarke:

We represent Defendant Richard Epstein ("Professor Epstein") in the above-captioned action. We write in opposition to Plaintiff's letter motion dated August 24, 2026 for leave to depose Professor Epstein pursuant to Federal Rule of Civil Procedure 27(b) (ECF 96).

**BACKGROUND**

On March 31, 2026, this Court issued an Opinion and Order meticulously cataloguing the fatal and incurable pleading deficiencies in Plaintiff's First Amended Complaint. ECF 90. The Court dismissed Plaintiff's antitrust claims for failure to allege (1) a plausible, cognizable relevant market or (2) any antitrust injury, in addition to noting Plaintiff abandoned those claims in his opposition to Defendants' motions. *Id.* at 11-14. The Court likewise dismissed Plaintiff's Civil RICO claims for failure to allege (1) a RICO predicate act, *id.* at 15-22, (2) a pattern of racketeering, *id.* at 22-24, (3) that Defendants caused any cognizable injury, *id.* at 24-28, and (4) the existence of a RICO enterprise, *id.* at 15 n.7. The Court recognized Plaintiff's RICO claims as an attempt "to repackage tort claims that the Court dismissed in the Originating Action [*Rapaport v. Doe #1*, 23-cv-6709] under the umbrella of civil RICO." *Id.* at 14.[1] The Court then denied leave to replead because further amendment would be futile. *Id.* at 29-31. The Clerk entered judgment the same day. ECF 91.

Nevertheless, on April 28, 2026, Plaintiff moved for reconsideration, attaching a proposed Second Amended Complaint, ignoring the Court's ruling on the futility of further amendment. ECF 92. Defendants jointly opposed that motion, arguing Plaintiff identified no basis for reconsideration, and his proffered "new evidence" was available to him when he filed his amended

[1] The Court of Appeals has since affirmed dismissal of the Originating Action. *Rapaport v. Iyer*, 2026 WL 1728310 (2d Cir. June 15, 2026).

complaint and, in any event, had no bearing on his claims. ECF 95. That motion remains pending. The day after filing his reconsideration motion, Plaintiff filed a notice of appeal. ECF 93.

On August 24, 2026, Plaintiff filed the instant motion under Rule 27(b) ("Pl. Mot.") seeking to force Professor Epstein to appear for a deposition despite this Court and the Second Circuit's (in the Originating Action) express findings that Plaintiff's complaint is baseless and amendment is futile.[2] Plaintiff's reasons for seeking such extraordinary relief are (1) Professor Epstein is 83 years old, (2) his case was dismissed on a pre-discovery motion to dismiss, and (3) he believes Professor Epstein's testimony will somehow revive his meritless claims.

**ARGUMENT**

The Court should deny Plaintiff's request to depose Professor Epstein while his appeal is pending. Rule 27(b) grants the Court discretion to allow a party to depose a witness to perpetuate their testimony for use in the event of post-appellate proceedings before the trial court. Fed. R. Civ. P. 27(b)(1). A motion seeking a Rule 27(b) deposition must show: "(A) the name, address and expected substance of the testimony of each deponent; and (B) the reasons for perpetuating the testimony." Fed. R. Civ. P. 27(b)(2). Critically, while the district court retains broad discretion under Rule 27(b), "before exercising that discretion to grant that motion, the [c]ourt must be persuaded that the movant has demonstrated 'a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice.'" *Norex Petroleum Ltd. v. Access Indus., Inc.*, 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009). This standard is demanding and requires a "particularized showing" that the testimony must be taken promptly and there is a genuine danger of its loss—not merely a theoretical or generalized possibility. *In re Petition of Allegretti*, 229 F.R.D. 93, 98 (S.D.N.Y. 2005).

Here, Plaintiff wholly fails to make this "particularized showing." Beyond his dissatisfaction with the Court's ruling on the dismissal motion, Plaintiff's only argument is that Professor Epstein is 83 years old. *See* Pl. Mot. at 2-3. But Plaintiff cites no case where the age of one's adversary alone justifies compelling a deposition under Rule 27(b), let alone where the claims have been dismissed. And for good reason—courts have repeatedly recognized that conclusory assertions about a requested deponent's advanced age are insufficient to warrant a Rule 27 deposition. *See*, *e.g.*, *Milks v. Eli Lilly & Co.*, 97 F.R.D. 467, 469 (S.D.N.Y. 1983) (conclusory statements that targeted witnesses were "not young" and one had "a potentially life-threatening health condition," were insufficient to "show that [they] were so aged or infirm that there exists a real danger of losing their testimony"); *Marshall v. Madoff*, 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015) (declining Rule 27(a) motion in face of conclusory assertions that Madoff was 77 years old and in "poor health" because movants "presented little actual evidence demonstrating Madoff's poor health to support the purported urgency of preserving his testimony"); *Gibas v. Houghton*, 2024 WL 5079873, at *2 (W.D.N.C. Dec. 11, 2024) (argument that "Respondent is 'of retirement age'" and "could be in Costa Rica, Belize or become incapacitated due to age related

[2] Plaintiff made no effort to confer with Defendants prior to filing the instant motion as required by Rule 3(b) of Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases.

disease....” were “conclusory statements” that did not “demonstrate sufficient need under Rule 27”); *Ash v. Cort*, 512 F.2d 909, 913 (3d Cir. 1975) (“[A]lthough age may be a relevant factor in showing that testimony must be perpetuated to avoid loss,” “conclusory remarks” that the respondents are “over fifty years of age” and “[m]emories may fade” failed to “show that evidence is likely to be lost”). In reality, Professor Epstein is in good health and still an active member of the legal academy. He continues to teach at NYU School of Law and publish regularly, including a weekly column at Civitas Institute at the University of Texas at Austin.

Plaintiff’s claims are meritless and he has proffered no legitimate reason to force Professor Epstein to sit for a deposition, especially given the remote prospect of post-appeal proceedings in the district court. The only failure of justice would be to burden Professor Epstein with the time and legal fees necessary to prepare and sit for a deposition. The Court should reject this motion just as it has each of Plaintiff’s other meritless requests and claims.

Thank you for Your Honor’s attention to this request.

Respectfully submitted,

*/s/ Jeremy Chase*

Jeremy Chase

cc: Counsel of Record via ECF