The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Rapaport v. Epstein et al.*, No. 25-cv-7439 (JGLC)**

Letter in Reply to Defendant Epstein's Opposition to Plaintiff Motion to Perpetuate His Testimony

Your Honor:

I am writing to respectfully writing in reply to defendant Epstein's opposition to my motion to perpetuate his testimony per FRCP 27, and in support of that same motion.

Firstly, I address some threshold errors and mischaracterizations by defendant Epstein.

- I have never indicated that I require defendant Epstein's testimony to prevail on my motion for reconsideration or an appeal regarding the prior FRCP 12(b)(6) dismissal with prejudice of this action. Rather, this testimony is to be perpetuated so that it may be used at future stages of litigation where facts may be properly contested. Respectfully, it is my position that a proper application of the 12(b)(6) standard upon the material already in the record is sufficient, especially considering defendant Epstein's public statements regarding his admitted 57 years (as of 2024) of activities aimed at controlling the staffing of the federal courts and other important legal offices.
- This motion to perpetuate testimony per FRCP 27(b) is not and cannot be a discovery dispute within the meaning of the IPR 3(b) conferral requirement because the case is currently closed and no discovery has been taken in this matter. It is a motion to perpetuate testimony outside of the ordinary discovery process, that if granted, could hypothetically result in discovery disputes within the meaning of the rule as to the future deposition.
- Defendant Epstein mischaracterizes the reasons for the extant dismissal, and overlooks the significant role of plausibility determinations as to the alleged facts. Epstein's own public statements clearly contradict his in-court assertions that the allegations against his racketeering enterprise and antitrust cartel are not plausible. The Court need only briefly examine Epstein's motion to dismiss, filed after he willfully and strategically defaulted to evade my as-of-right amendment to the pleadings, to find such assertions everywhere.

Secondly, I address the need for perpetuating defendant Epstein's testimony imminently.

- Defendant Epstein's recent actions and omissions indicate a significant change in his own outlook that raises a likely expectation that he may soon be unable to testify. On July 1, 2026, Epstein became ineligible to practice law by reason of his failure to comply with the State Bar of California's registration requirements. As indicated by the exhibited records, this is the first such occurrence since his admission on January 9, 1969. Furthermore, for the first time in at least the past 10 years (other than the 2023 period of his major illness following an experimental surgery after which he was incapacitated for approximately four months described *infra*) he has not scheduled any courses to instruct at the University of Chicago's spring term (in 2027).

- Defendant Epstein's assertions that he is in "good health" are not factually accurate, nor are he and his counsel competent to make such a representation. Even in April, 2022 defendant Epstein did not expect to survive a major experimental cancer surgery scheduled for the following spring, as he indicated to me when attempted to persuade me to change my plans of taking an exchange semester that fall in Europe, and instead attend his course and work at his journal. After this major operation, which he fortunately survived, Epstein was incapacitated for approximately four months. Since then, he has unfortunately been barely ambulatory and increasingly less so, which is bodes ill for durability. Furthermore, Epstein unfortunately suffers from irregular blood pressure and advanced gout, the latter of which becomes practically unmanageable in advanced age.
- As a simple actuarial matter, even aside from the other indicating factors, defendant Epstein's advanced age alone is dispositive. Epstein has already exceeded the average life expectancy of 71.4 for males in his cohort[1] by 12 years. This age is clearly incomparable to his provided precedents regarding the ages of 50 or 77. For this age cohort as an example, age 50 precedes the average at-birth life expectancy by over 21 years, while the age 65 calculation provided by Social Security Administration (n.1) for senior citizens indicates an implied expected age at death of 83, which Epstein has already surpassed.

In conclusion, I wish to concede that neither I, nor defendant Epstein and his counsel are qualified to expertly answer the medical question of his durability over the reasonable two-year timeline for the pending reconsideration motion and a full appeal to the Second Circuit. Though the Court is competent to resolve medical factual disputes upon expert testimony, it would be significantly cheaper and less burdensome to simply take a deposition, which is an ordinary and familiar process to defendant Epstein and his counsel.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ Gideon Rapaport
Gideon Rapaport, *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627, 1078 Summit Avenue
Jersey City, New Jersey 07307

1 Social Security Administration, Cohort Life Expectancy Table, https://www.ssa.gov/oact/TR/2026/lr5a5.html